**GARDY & NOTIS, LLP**
Mark C. Gardy
James S. Notis
Kelly A. Noto
Charles A. Germershausen
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7377
Fax: 201-567-7337

*Attorneys for Plaintiff*
[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT LUPPINO, CLIFF STERN, and JOHN CASIERO, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>      v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>                Defendant. | No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Vincent Luppino, Cliff Stern, and John Casiero ("Plaintiffs"), by and through their attorneys, bring this complaint on their own behalf and on behalf of all others similarly situated, to obtain damages, costs of suit, and attorneys' fees from defendant Mercedes-Benz USA, LLC ("Mercedes Benz").  Plaintiffs complain and allege, upon knowledge as to themselves and their acts, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.       This is a nationwide class action against Mercedes Benz on behalf of all persons and entities in the United States who purchased or leased a Mercedes Benz vehicle in any state (or, in the alternative, any person or entity who purchased or leased a Mercedes Benz in the State of New Jersey) with 17-inch, 18-inch or 19-inch AMG or non-AMG rims (the "Rims") from 2006 to present (the "Class").

2.       Mercedes Benz designed, manufactured, distributed, advertised, marketed, promoted, warranted and sold the Rims, and/or vehicles equipped with the Rims (the "Vehicles"), to consumers throughout the United States.  Mercedes Benz did so without disclosing that the Rims were defective, as they would fail (that is, bend, deform, dent, warp or fracture) under normal driving conditions.

3.       Mercedes Benz portrayed the Rims as if they were of a design and utility typically found in the automotive industry and knowingly misrepresented in print advertisements and on various video and television commercials that the Rims would withstand and operate effectively under normal driving conditions.  As demonstrated below, Mercedes Benz advertising specifically emphasized the strength of the Rims and did not hint at or disclose any issue relating to their durability.

4.       Specifically, Mercedes Benz represented that the Rims are crafted of an alloy designed to meet exceedingly high requirements for strength and durability. Further, Mercedes Benz's promotional literature and advertisements suggest that the Vehicles, and the Rims, are capable of operating in various difficult on and off-road terrains, including mountain and desert topographies.

5.     The Vehicles were sold pursuant to a warranty in which Mercedes Benz warranted and represented that Mercedes Benz would make any repairs or replacements necessary to correct defects in material or workmanship in the Vehicles for four years or 50,000 miles (the "Warranty").  The Rims are not excluded from protection under the terms of the Warranty.

6.     Mercedes Benz has, as a matter of practice and policy, failed to honor the terms of the Warranty as it applies to the Rims, forcing consumers to pay out-of-pocket to replace defective Rims that have failed under normal driving conditions.

7.     In addition, many of the affirmative representations Mercedes Benz made about the Warranty were deceptive, that is, Mercedes Benz portrayed the Warranty as if it covered all parts equally, including the Rims, when in fact the Rims were defective and Mercedes Benz intended to exclude the Rims from Warranty coverage.

8.     Rather than honoring the terms of the Warranty and taking responsibility for the defective Rims, Mercedes Benz has engaged in a deliberate pattern of concealment, wherein it has refused complete Warranty coverage to most, if not all, owners and lessees of the Vehicles.  Mercedes Benz has blamed problems associated with the Rims on driver error or poor driving conditions in order to further conceal the defect.

9.     As a result of its affirmative misrepresentations, concealment of material information, deceptive conduct, and refusal to honor the Warranty, Mercedes Benz has damaged Plaintiffs and the Class, and has unjustly profited from its wrongdoing. Mercedes Benz has wrongfully refused to notify customers that the Rims it installs on its Vehicles, or the Rims it placed on Vehicles in connection with repairing or replacing the Rims, are defective, and has failed to notify its customers that, as a matter of policy and

practice, Mercedes Benz will not repair or replace defective Rims free of charge under the Warranty.

10. Mercedes Benz's conduct constitutes a violation of the Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A. § 2301, *et seq*., and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff Class, on the one hand, and Defendant Mercedes Benz, on the other, are citizens of different states.

12. This Court has jurisdiction over Mercedes Benz because it maintains its principal headquarters in New Jersey; is registered to conduct business in New Jersey; has sufficient minimum contacts in New Jersey; or otherwise intentionally avails itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its vehicles to render the exercise of jurisdiction by this Court proper and necessary. Moreover, Mercedes Benz's wrongful conduct (as described herein) emanates from New Jersey and foreseeably affects consumers in New Jersey. Most, if not all, of the events complained of below occurred in or emanated from Mercedes Benz's corporate headquarters located in Montvale, New Jersey.

13. Venue is proper in this District under 28 U.S.C. § 1391(a) because Mercedes Benz resides in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

14.     Plaintiff Vincent Luppino ("Luppino") is a New Jersey resident.  Luppino leases a 2007 Mercedes Benz CLS 63 AMG with 19-inch AMG factory rims from an authorized Mercedes Benz dealership in Bergen County, New Jersey.  The Rims on Luppino's Vehicle failed numerous times while he was operating the Vehicle under normal driving conditions within the jurisdiction of this Court.  Luppino notified Mercedes Benz of the damage on multiple occasions, and Mercedes Benz has consistently refused to replace and/or repair the Rims pursuant to the Warranty.  Like all members of the Class, Mercedes Benz never notified Luppino before he leased his Vehicle that the Rims were defective, would fail under normal driving conditions, and would not be covered by his Warranty.  Like all members of the Class, Luppino did not learn that the Rims were defective until one or more of the Rims on his Vehicle failed.

15.     Plaintiff Clifford Stern ("Stern") is a New Jersey resident.  Stern purchased a 2006 Mercedes Benz SL 500 with 18-inch AMG factory Rims from an authorized Mercedes Benz dealership in Bergen County, New Jersey.  The Rims on Stern's Vehicle failed while he was operating the Vehicle under normal driving conditions within the jurisdiction of this Court.  Like all members of the Class, Mercedes Benz never notified Stern before he purchased his Vehicle that the Rims were defective, would fail under normal driving conditions, and would not be covered by his Mercedes Benz Warranty.  Like all members of the Class, Stern did not learn that the Rims were defective until one or more of the Rims on his Vehicle failed.

16.     Plaintiff John Casiero ("Casiero") is a New Jersey resident.  Casiero purchased a 2006 Mercedes Benz E500 4Matic Sedan with 17-inch 5-Spoke Light Alloy

Rims from an authorized dealer's auction in Somerset County, New Jersey. The Rims on Casiero's Vehicle failed while he was operating the Vehicle under normal driving conditions within the jurisdiction of this Court. Like all members of the Class, Mercedes Benz never notified Casiero before he purchased his Vehicle that the Rims were defective, would fail under normal driving conditions, and would not be covered by his Mercedes Benz Warranty. Like all members of the Class, Casiero did not learn that the Rims were defective until one or more of the Rims on his Vehicle failed.

17.     Mercedes Benz is a Delaware corporation, authorized to do business in New Jersey, with its principal place of business located at One Mercedes Drive, Montvale, New Jersey. At all times relevant hereto, Mercedes Benz was in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling the Rims and Vehicles in interstate commerce and in New Jersey. Mercedes Benz is also in the business of marketing, supplying, and selling written Warranties to the public at large through a system of authorized dealers and sales agents.

## CLASS ALLEGATIONS

18.     Plaintiffs seek to bring this case as a nationwide class action on behalf of themselves and all others similarly situated in the United States as members of the proposed Class, defined, in the alternative, as follows:

> All persons and entities in the United States who purchased or leased a Mercedes Benz with either 17-inch, 18-inch, or 19-inch AMG or non-AMG Rims installed thereon as original manufacturer's equipment, from 2006 to present;

> **or**

> All persons and entities in the United States who purchased or leased a Mercedes Benz in the State of New Jersey with either 17-inch, 18-inch, or 19-inch AMG or non-AMG Rims installed thereon as original manufacturer's equipment, from 2006 to present.

19.     Excluded from the Class are all claims for wrongful death, survivorship and/or personal injury by Class members.  Also excluded from the Class is Mercedes Benz, any entity in which Mercedes Benz has a controlling interest, and its legal representatives, heirs, and successors.

## NUMEROSITY

20.     The Class is so numerous that joinder of all of its members is impractical.  Upon information and belief, Mercedes Benz has sold thousands of Vehicles and/or Rims.

21.     Although the precise number of Class members and their addresses are unknown to Plaintiffs, they are readily ascertainable from Mercedes Benz's records.  Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

## COMMON QUESTIONS OF LAW AND FACT

22.     Common questions of law and fact exist as to all Class members.  These questions predominate over questions affecting only individual Class members.  These common legal and factual questions include but are not limited to the following:

a.     Whether Mercedes Benz breached its express warranties;

b.     Whether the Rims were designed without the ability to maintain their shape and were, therefore, defective;

c.     Whether Mercedes Benz engaged in a pattern and practice of deceit or deceptive conduct in connection with the offer and sale of the Rims or Vehicles equipped with the Rims, or in connection with its representations or disclosures regarding the Rims or Vehicles;

d.      Whether Mercedes Benz concealed or failed to disclose material information concerning the Rims, its Vehicles, or its Warranty, as it relates to the Rims;

e.      Whether Mercedes Benz print and digital advertisements constituted affirmative misrepresentations by demonstrating that the Rims could withstand normal driving conditions;

f.      Whether the promotional materials and advertisements offered by Mercedes Benz were accurate;

g.      Whether certain finishing processes, including but not limited to alodining, caused degradation or diminution of the strength and durability of the alloys from which the Rims are manufactured;

h.      Whether Mercedes Benz failed to adequately test the Rims prior to their distribution;

i.      Whether Mercedes Benz failed to adequately test the Rims following their subjection to certain finishing processes, including but not limited to alodining;

j.      Whether Mercedes Benz failed to adequately test the Rims after they were combined with other components on the Vehicles; and

k.      Whether Plaintiffs and the Class are entitled to damages and attorneys' fees.

## **TYPICALITY**

23.      Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs and each member of the proposed Class purchased or leased a Mercedes Benz Vehicle with either 17-inch, 18-inch, or 19-inch AMG or non-AMG Rims installed thereon as original

manufacturer's equipment.  In connection with their respective Vehicle purchases or leases, Plaintiffs and each Class member were subject to the same disclosures and received the same written Warranty from Mercedes Benz.  Similarly, Plaintiffs and all Class members sustained damages.  The financial losses of each Class member were directly caused by Mercedes Benz's actions as alleged herein.

## ADEQUACY OF REPRESENTATION

24.     Plaintiffs can and will fairly and adequately represent and protect the interests of the Class and have no interests that conflict with or are antagonistic to the interests of the Class.  Plaintiffs have retained attorneys competent and experienced in class actions.

## SUPERIORITY

25.     A class action is superior to any other available method for the fair and efficient adjudication of this controversy, since, as demonstrated above, common questions of law and fact overwhelmingly predominate over any individual questions that may arise.

26.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Mercedes Benz, or adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

27.     Mercedes Benz has acted or refused to act on grounds generally applicable to all Class members, thereby making appropriate any final judgment with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

28.     Mercedes Benz designed and manufactured the Rims installed on the Vehicles as original manufacturer's equipment.

29.     As demonstrated below, Mercedes Benz spent millions of dollars on print advertisements, television commercials, and website graphics and videos extolling the virtues and strength of its Vehicles, and specifically the Rims.  These advertisements explicitly and implicitly endorsed and represented that the Rims were of a quality and strength to operate under normal driving conditions, and even under off-road conditions.

30.     Mercedes Benz's promotional literature and advertisements are replete with still graphics, illustrations and video footage depicting Mercedes Benz Vehicles equipped with the Rims operating not only under normal driving conditions, but traversing treacherous off-road terrain, including desert and mountain landscapes. Moreover, these depictions are not limited to sport utility vehicles, but include Mercedes Benz cars as well.

31.     Mercedes Benz's promotional literature and print advertisements also include extensive verbal representations about the quality, strength and durability of the Rims.  For example, Mercedes Benz's 2007 AMG Accessories brochure states that "light-alloy wheels have their origins in the motor racing world" and explains that the materials used in the Rims are "light, strong and totally reliable."

32.     Mercedes Benz's 2006 Accessory and Wheel catalog makes the following claim regarding all Mercedes Benz wheels, including the Rims:

> In technical terms, every Genuine Mercedes-Benz and AMG wheel is state-of-the-art. Each is crafted of a proprietary aluminum alloy formula that meets our exceedingly high original equipment requirements for strength and durability with minimal weight. That's crucial, because wheels are a significant part of your vehicle's unsprung mass, where every pound saved con-tributes directly to more dynamic and comfortable performance. After all, it's the wheels of your vehicle that transfer power to the road; mile after mile, bend after bend.
>
> Besides the material used to manufacture the wheel, and its weight, dimensions such as rim diameter, rim width, offset, backspacing and bolt circle are critical factors that must be considered when matching any custom wheel to your vehicle. We have developed each and every one of our wheels to preserve or to optimize the driving characteristics of a specific Mercedes-Benz model. Further, our wheels are subjected to load tests which exceed statutory requirements. Considering the importance and complexity of wheels, it's no wonder that Mercedes-Benz engineers devote so much attention and scrutiny to them.
>
> A wheel only earns the name Genuine Mercedes-Benz when we are convinced that it will meet our high standards for safety, dependability and performance – not to mention aesthetics – and make your vehicle even more special. In short, Genuine means premium quality.

33.     Contrary to the representations made by Mercedes Benz, the Rims bend, deform, dent, warp or fracture in ordinary driving conditions, in the complete absence of driving-related trauma, or when traversing even extraordinarily slight road irregularities.

34.     The Rim failures result from the defective design and/or manufacture of the Rims alone, and/or a defect resulting from combining the Rims with other components of the Vehicles.

35.     During manufacture, the Rims undergo hardening processes and heat treatments designed to strengthen their material structure. Subsequent processes, however, including those related to surface ornamentation and resistance such as alodining, raise the temperature of the Rims to levels that materially alter and weaken

their composition.  In addition, "low profile" tires Mercedes Benz installs on its Vehicles force the Rims to absorb additional pressure, even under normal driving conditions.

36.    These defects alone, or when combined with other factors, cause the Rims to fail under normal driving conditions and render the Rims, and therefore the Vehicles, unsafe and unfit for their intended use.

37.    Despite these defects, and resulting Rim failures, Mercedes Benz has refused to repair or replace the Rims under its Warranty.

38.    Mercedes Benz Vehicles are warranted by a 48 month/50,000 mile Warranty.  The Warranty provides as follows:

> Mercedes-Benz USA, LLC (MBUSA) warrants to the original and each subsequent owner of a new Mercedes-Benz passenger car that any authorized Mercedes-Benz Center will make any repairs or replacements necessary, to correct defects in material or workmanship arising during the warranty period.

39.    The Warranty documentation specifically states that Mercedes Benz's "intention is to repair under warranty, without charge to you, anything that goes wrong with your car during the warranty period which is our fault."

40.    Notably, the Warranty does not disclaim defects in the material or workmanship of the Rims.

41.    Because the defective Rims require repairs before the expiration of four years and 50,000 miles, the Warranty obligates Mercedes Benz to repair or replace them.

42.    Mercedes Benz, however, refuses to repair consumers' vehicles under the Warranty, refuses to replace parts free of charge, and refuses to publicly acknowledge that the Rims are defective.

43.     Mercedes Benz's refusal to honor the Warranty harms Plaintiffs and the Class by forcing them to expend time and incur out-of-pocket costs to repair or replace the defective Rims although they should be covered by the Warranty.

44.     Based on information it had, should have had, or of which it was aware or should have been aware, Mercedes Benz knew the Rims were designed and/or manufactured so that they could not withstand normal driving conditions and, as a result, the Rims would fail under normal driving conditions and were accordingly defective.

45.     The federal government's National Highway Transportation Safety Administration ("NHTSA") complaint database reveals that the Rims easily fail under normal driving conditions and that Mercedes Benz will not replace the failed Rims under its Warranty program.  Specifically, the NHTSA database illustrates the type of bending, warping, cracking and fracturing to which the Rims are prone, and shows Mercedes Benz's blatant disregard for the Warranty and potential safety hazards presented by the defective Rims.

46.     The following are examples of the complaints filed by consumers with the NHTSA.  These complaints reflect the strikingly consistent and regular incidence of the Rim failures, the repeated, unexpected costs associated with their replacement, and Mercedes Benz's refusal to honor its Warranty or take responsibility for the defect:

Make:  Mercedes Benz
Model:  CLS500
[Model] Year:  2006
Complaint Number:  10205634
Summary:  Normal driving on Illinois highways and streets, drivers side front wheel/rim cracked, I feel this could lead to los[s] of control of the auto and a serious accident.  Purchased new rim and installed.  Defective rim is in storage. #TR

Make:  Mercedes Benz
Model:  CLS 55
[Model] Year:  2006
Complaint Number:  10130172
Summary:  The consumer had to replace three wheels and one tire in less than thirty days after purchasing the 2006 Mercedes Benz CLS 55.  *MR The first incident was a result of a pot hole, the second incident occurred nine days after the consumer received the vehicle and discovered that the right rear and front wheels were damaged.  The third time only the rims were damaged, whereas in the first incident both the rim and the wheel had to be replaced *JB The consumer had experienced four more failures with the rimes.  Two of these failures were of original equipment; the other two were failures of the rims that replaced previously failed original equipment.  In less that [sic] seven months with 11k miles, the vehicle experienced seven individual failures of the wheels and two failures of the tires. *SC.

Make:  Mercedez Benz
Model:  CLS 55
[Model] Year:  2006
Complaint Number:  10183377
Summary:  I own a 2006 Mercedes-Benz CLS AMG.  The ride has degraded and it now vibrates significantly.  I took it to the dealer.  They state all 4 rims are bent.  This is probably true however, the car has been driven carefully and nothing happened which would cause all 4 wheels to be bent.  A search on the internet revealed others with the same complaint.  The rims do not appear to be of sufficient strength to cope with normal driving even in California.  *NM

Make:  Mercedes Benz
Model:  CLS 55
[Model] Year:  2006
Complaint Number:  10181047
Summary:  My 2006 Mercedes Benz CLS 55 AMG Has had 6 dented rims within the first 13 months (11,000 MI).  My dealer sold me wheel and tire insurance, but states the rim must be cracked before it will be replaced.  I've already replaced two rims at $1100 each, and the car is almost undriveable due to vibration.   The tires supplied with the car are completely worn out, and one has a sidewall bubble.  If the current trend continues, I will have to spend close to $20,000 in rims over a 39 month lease period.  The car has been driven at normal speeds, mostly over smooth highways.  A report from Tire Rack.com regarding the factory supplied tires suggest that they not be used at temperatures below 40F! The wheels and tires supplied by Mercedes Benz on this car are completely inadequate for normal driving conditions, and I would not have leased the vehicle had I been informed of this obvious defect. *JB

Make:  Mercedes Benz
Model:  C230
[Model] Year:  2007
Complaint Number:  10191587
Summary:  I was driving down highway 50 in Sacramento, California, in a 2007 C230 Mercedes Benz, when I ran over an object.  The right rear tire immediately went flat.  I drove to a tire facility and had the tire exchanged for the spare.  The tire facility suggested I take the car to Mercedes Benz. On the way to Mercedes Benz I stopped at an automobile repair shop and had the tire and rim inspected.  The middle of the rim was cracked and ruptured.  The shop owner stated he had been in the auto repair business for 30 years and had never seen a rim failure of that type.  *AK  I took the vehicle to Mercedes Benz Sacramento and the serviceman told me tires and rims were not covered under warranty.  He did not even bother to take the tire out of the trunk.  I said I wished to speak to the service manager. He informed me the service manager wasn't in.  I said I would like to make an appointment to see the service manager – that I had concerns about the rim failure.  When I met with the service manager, I voiced my concerns regarding the rim.  The service manager called me later in the afternoon and stated the damage would be at my cost and wasn't covered under warranty.  I inquired why this wasn't covered under warranty because I was only 4 months into the lease of this new car.  The answer was tires and rims are not covered under warranty under any circumstance's [sic] left a voice mail message for general manager of Mercedes Benz Sacramento to call me regarding this rim failure and my concerns.  He called me back and defended the service technician and service manager's decisions to give the stock answer it was not covered under warranty.  I point out to the general manager that my concern was the rim had ruptured and cracked and that this was a new vehicle.  I felt my concerns were being ignored by the service department.  Mr. Crowly did not seem to be of the same opinion.  The tire and Rim were being replaced at a facility other than Mercedes Benz.  *AK

Make:  Mercedes Benz
Model:  E 550
[Model] Year:  2007
Complaint Number:  10264262
Summary:  Hit a small pot hole and dented the tire rim and flattened my tire.  This the [sic] 4th rim and 4th tire replaced since March of 2008. Replaced the rims and tires at approximately $1000/rim tire.  These low profile tires/rims should not be sold.  *TR.

Make:  Mercedes Benz
Model:  E 550
[Model] Year:  2007
Complaint Number:  1027762
Summary:  Purchased car in August 2007, have driven 40,000 miles and have replaced 2 stock rims, 6 after-market rims, and five relatively new tires due to just average potholes that any other car would simply roll over. Part of the problem is the low profile tires but there appears to be a deeper problem with the suspension.  When this car hits a small pothole or even a deep manhole cover it takes a very hard, teeth jarring hit to the front end suspension.  I also drive a competing brand 8-cylinder sedan which is very near to this Mercedes in size and weight but hardly feel the bumps that pound the Mercedes.  *TR.

Make:  Mercedes Benz
Model:  E350
[Model] Year:  2007
Complaint Number:  10222583
Summary:  TL* The contact owns a 2007 Mercedes Benz E350.  While driving 50 mph, the contact felt an unusual vibration in the wheels.  He took the vehicle to the dealer and was informed that all four wheels were bent at the inside rim due to driving over potholes and railroad tracks.  All four wheels and rims needed to be replaced.  The manufacturer refused to assist with any repairs.  The powertrain was unknown.  The current mileage was 14,000 and failure mileage was 12,789.  Updated 04/23/08. *LJ

Make:  Mercedes Benz
Model:  E550
[Model] Year:  2008
Complaint Number:  10284653
Summary:  2008 Mercedes E550 rim problem.  I have owned this vehicle for 8 months and have had two front tire blowouts on 2 different occasions from hitting small pot hole.  The rim gets bent then the tire blows out.  The latest incident, a police officer and I watched many vehicles driving over the pot hole with no problems.  The rims are the 12 spoke that comes stock on the E550's.  *TR

47.    Similar consumer complaints are published frequently on the internet.  A

sampling of complaints published on just one forum,

http://www.worldlawdirect.com/forum/class-actions-defective-products/7442-mercedes-

benz-tires-dont-support-vehicle.html, state the following:

**Nov. 20th, 2007, 12:10 PM**:  My husband has a Mercedes E350 with high performance Continental tires and has gone through tires and alloy wheels constantly since getting this vehicle.  This has never happened to us with any other car.  He has replaced the tires 3 or 4 times and the alloy rims twice in less than 2 years.  I was told by MB technicians and reps that the high performance tires get bulges and the alloy wheels bend if you hit any pot holes and they were not covered under warranty.  They explained that MB weighs 1500 pounds more than a normal car and that's why there are so many bulges and bent rims with the tires.  I was told that everyone has the same problems and the drivers assistance program mechanics told me that is what they spend 99% of their day doing was tires.  I can not believe that the tires they sell do not support the car and that any pot holes would cause such issues.  I also will say that we have never had problems driving in this area before and what they claim to be a pothole is normal driving for the east coast and more like ruts in the road.  I think these tires are dangerous and should not be used on this vehicle because they could easily blow out and I feel it's dangerous and don't like to drive this vehicle any longer.  Shouldn't tires be sold with a vehicle that will support the car and normal driving conditions in the area?  Anyone know of a lawsuit against MB or if we have a case for lemon laws?

**Feb. 8th, 2008, 09:39 AM**:  I have the same problem.  I just replaced four wheels on my E350 sport.  It was not covered under any warranty.  The car is 8 months old with 10,000 miles.  The tires are fine but the wheels are bent, it is a definite defect that Mercedes won't take responsibility for.

**Feb. 28th, 2008, 08:41 PM**:  Please let me know where you are going to file [the class action lawsuit] since I have the same problem.  I had the car 3 months and already have a bent rim and bubbled tire.  It is costing me almost $700 to replace.  This is ridiculous!

**Jul. 21st, 2008, 09:27 AM**:  I own a 2006 E350 sport and have logged close to 85,000 miles.  During this time I have replace[d] no fewer than 5 wheels and tires.  The wheel is the problem and not the tires (Michellin).  The wheels either bend or in most cases crack.  The last one had [] three stress type cracks.  I thoroughly agree that there is a defect in the wheels.  I have written to MBUSA and have spoken to the dealership several times.  Naturally, the same reiterate, the east coast have horrible roads.  Well, MB, it is not the roads as my BMW and Lexus do not have this problem.

**Oct. 24th, 2008, 04:13 PM**:  My 2008 E350 is virtually new, 2500 miles.  I went over a pothole and was told my service rep that the damage to 2 wheels will cost $2500.  Now I see this post.  I am furious.  If anyone has succeeded in getting a claim against MBZ please let me know.

**Oct. 29th, 2008, 10:13 PM**:  Me too!  Bent rims, damaged prematurely worn out tires and drifting issues.  Buyers should be told about these things before they buy or lease.  (Failure to disclose etc-etc).  Cars could become unsafe by just driving under normal conditions.  Lawsuit does sound appropriate.

**Mar. 22nd, 2009, 12:57 AM**:  Same here.  I have an E430 Lorinser and have had to repair rims multiple times and have been going through tires like crazy due to pinched sidewalls that end up in bubbles.

**Mar. 26th, 2009, 11:22 AM**:  March 26, 2009 – we leased a 2008 E350 in December 2007 (fortunately it is just a 2 year lease) and in the space of 16

months (and less than 12,000 miles) we have had to replace or repair 3 rims and replace 4 tires. We live in the northeast – where there are potholes and uneven surfaces – and after we learned about the problems with the tires, we now have to drive the car as if we were transporting eggs. This is not the MB experience we expected, and the extra expense (close to $2,000 now) has been infuriating. We will not get another MB – it will be back to trusty and reliable Lexus and BMW.

**Aug. 8th, 2009, 10:42 AM**:  Just had three of my four wheels "repaired" on my E-class due to damage from normal use. Had a vibration on the highway – service writer at the dealership stated that these wheels are "soft." Well, certainly should not be the responsibility of the owner to pay for these repairs.

**Aug. 11th, 2009, 06:04 PM**:  I have a GL 450 and am in the midst of the same issue. I have a crack in one of my wheels and all 4 tires need to be replaced at 23K miles. The dealer tells me it must be as a result of a pothole or some "impact" to the vehicle. I have never been in any sort of accident or anything…no "impact" has occurred to my vehicle ever. And…for my model at least…it is advertised as an "off road vehicle." Can't even withstand potholes???? Not right. This is an obvious defect. If something more comes of this legally I would like to be involved.

**Oct. 15th, 2009, 12:41 PM**:  I've got a CLS 500, this will be the 4th rim I've replaced on the vehicle, I'm the only one driving it and I know I haven't hit a pothole. My guy doing the tire changes told me this is a very common problem with Mercedes.

48.     Additionally, the following complaints can be found on a forum open

exclusively to Mercedes Benz owners, http://www.mercedes-benz-usa.com/cls_class.php:

**Ted Pearlman writes**:  I am the sad owner of a 2006 CLS 55 AMG sedan. In the first 13 months of ownership (11,000 MI) I have had not two months without vibration due to bent wheels. When I leased the vehicle I was sold wheel and tire insurance only to be told that bent rims were not covered. After nine months of ownership I discovered two bent rims and had to pay $2200 to replace them. Four months later all four rims are bent. If I were to replace them, that would total $6600 for rims with only one third of the lease over. In addition, the factory supplied tires are completely worn out, one with a sidewall bubble.

**Nick writes**:  I have had the same problem with the MB CLS 55 AMG: literally, no joke and no exaggeration, I have had ten bent wheels so far….The dealer…[said] it's probably because I drive over curbs and

18

down stairs and so forth. I'm 54 years old and had never bent a rim in my life prior to owning this car....

**Casey writes**: I had leased a brand new '07 CLS63 which was my dream car. I live in NY and was sold the car in NY. Only 2 months after I purchased the car I was told the wheels were bent. I paid over $2k for new wheels. Four months later I was told all four wheels were bent and it was [be]cause I drive the car in New York (I was told by the dealership I shouldn't be driving in New York, even though they sold me the car in NY). I argued with the dealership who gave me wheel and tire insurance for free but I ended up paying $4k for new wheels. Less than three months later the car started shaking again and I was told all four wheels were bent again and the tire and wheel insurance said they would not pay for the wheels. Now I am stuck with a $101k car that I cannot drive unless I am willing to shell out $4k every 2 months. They told me that unless I buy new wheels, I can't drive over 60 mph.... I just can't believe what is happening. The dealership refuses to help me anymore and I tried calling corporate. I just want out of my lease. I would never recommend a CLS if you are planning on driving it, it is however, a beautiful ornament for my driveway.

49.     The complaints are illustrative of the type of complaints common between Plaintiffs and other Class members. Regardless of the Vehicle's make or model, the complaints are strikingly similar, each demonstrating that the Rims fail regularly, under normal driving conditions, and that Plaintiffs and the Class have incurred, will incur, or will continue to incur, out-of-pocket costs associated with repairing or replacing the defective Rims on each of their Vehicles. The complaints also demonstrate that although Mercedes Benz was made aware of the defect, it continues to deny Warranty coverage for the Rim failures.

50.     As demonstrated above, Mercedes Benz has long known that the Rims are defective. Additionally, Mercedes Benz has exclusive access to information about the defective Rims through its dealerships, pre-release testing data, Warranty data, customer complaint data and replacement part sales data, among other sources of aggregate information about the problem.

51.     By contrast, the defect present in the Rims was not known or reasonably discoverable by Plaintiffs and the Class prior to purchase of the Vehicles.  Plaintiffs and the Class had to experience the defect first-hand, thereby exposing them to an unreasonable safety risk.

52.     Because the Rims often fail within the time period and mileage covered by the Warranty, Mercedes Benz is required to provide replacement parts or repairs necessary to correct the defective parts.

53.     Rather than provide the remedy prescribed by the Warranty, however, Mercedes Benz has actively concealed the defect present in the Rims from consumers. Mercedes Benz has also engaged in a campaign of piecemeal correction, refunding all or a portion of the cost of replacement Rims only where convenient or where customer relationships perceived by Mercedes Benz to be essential so demand, in an attempt to further cover up the fact that the Rims are defective.

54.     Notwithstanding Mercedes Benz's knowledge of numerous Rim failures and the defective material and design of the Rims, Mercedes Benz failed and continues to fail to advise potential and/or current owners or lessees of Vehicles of the defective nature of the Rims – that they are known to bend, warp or even break under normal driving conditions – and instead has engaged in a calculated pattern and practice to hide the true nature of the Rim failures.

55.     In fact, Mercedes Benz has repeatedly advised Plaintiffs and the Class that the Rim failures are due to the owner's driving habits or poor road conditions, never mentioning the defective Rim design, manufacture, or inadequate testing of which Mercedes has knowledge, or the pattern of complaints regarding Rim failures under

normal driving conditions of which it is aware.  Even when consumers specifically ask whether a Vehicle equipped with the Rims suffers from a known problem, Mercedes Benz's policy is to deny that there is a problem, continue concealing the defect, and assert that any damage to the Rims is the result of driver error or abnormal driving conditions.

56.     Mercedes Benz knew that potential car buyers and lessees would deem the defect in the Rims to be material such that reasonable consumers who knew of the defect either would have paid less for the Vehicles or would not have purchased or leased them at all.

57.     Had Plaintiffs and the Class been advised of the defects present in the Rims, or the fact that Mercedes Benz would refuse to honor its Warranty, Plaintiffs and the Class would not have purchased Vehicles or would have paid substantially less for them.

58.     To make matters worse, the Mercedes Benz Operators Manual specifically warns of the detrimental effects and dangers associated with use of tires and Rims that are not "Mercedes Benz Original equipment."   Accordingly, Plaintiffs and the Class cannot substitute the Rims in order to alleviate the problems or potential dangers posed by their defects.

59.     As a result of Mercedes Benz's actions and inactions, Plaintiffs and the Class have been injured and damaged.  Plaintiffs and the Class purchased Vehicles they otherwise would not have purchased, paid more for those Vehicles than they otherwise would have paid, were and continue to be subjected to an unreasonable risk to their

safety, and unnecessarily paid, and will continue to pay, repair and replacement costs as a result of the defective Rims.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

60.     The defective Rims as alleged herein are latent and self-concealing. Accordingly, exercising reasonable care, Plaintiffs and the Class members cannot discover that such inherent defects exist.

61.     By suppressing the dissemination of truthful information regarding the Rim defects, Mercedes Benz has actively foreclosed Plaintiffs and the Class members from learning of the latent defects.

62.     By reason of the foregoing, the claims of Plaintiffs and other Class members are timely under any applicable statue of limitations (as tolled by the filing of this class action petition) pursuant to the discovery rule and the doctrine of fraudulent concealment.

63.     Mercedes Benz has been aware of the defective nature of the subject Rims for several years.

64.     Despite this knowledge and awareness, Mercedes Benz has continued to manufacture and sell the Rims and Vehicles on which the Rims are installed, has engaged in an ongoing scheme to hide the defective nature of the Rims as set forth above, and has failed to take appropriate action towards inspecting, repairing, or replacing the defective Rims.

65.     Mercedes Benz's failure to properly test the Rims prior to marketing them, their failure to take necessary steps to remedy the defect, their failure to suspend sales of the Rims in the United States, and their refusal to inspect, repair, or replace the defective

parts, in light of their knowledge that these parts would fail prematurely and damage Plaintiffs and the members of the Class, was and is willful, wanton, malicious, outrageous, and was and continues to be undertaken in deliberate disregard of, or with reckless indifference to, the rights and interests of Plaintiffs and the Class members.

## COUNT I

## BREACH OF EXPRESS WARRANTIES

66.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

67.     Plaintiffs, and all others similarly situated, relied in good faith upon Mercedes Benz's written representations and warranties in making their determination to purchase or lease their Mercedes Benz vehicles.

68.     With the purchase or lease of each vehicle, Mercedes Benz specifically and uniformly warranted in writing that any part of the subject vehicle that proved to be defective would be replaced by Mercedes Benz at no cost to Plaintiffs or members of the Class.

69.     Mercedes Benz has breached its express warranties to Plaintiffs and the Class members in that the Rims do not perform as represented by Mercedes Benz.

70.     Mercedes Benz has also breached its express warranties to Plaintiffs and Class members in that Mercedes Benz failed and continues to fail to replace and/or repair the Rims that proved defective under normal driving conditions.

71.     As a direct and proximate result of Mercedes Benz's breach of its express warranties, Plaintiffs and the Class members have suffered or will suffer damages, which include, without limitation, the diminution in value of Plaintiffs' and the Class members'

vehicles, costs to inspect, repair and/or replace the Rims, reimbursement of the costs and expenses already expended by Plaintiffs and the Class members as a result of the Rim failures, and other damage caused by the defective Rims in an amount to be determined at trial.

## COUNT II

### BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

72.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

73.     Plaintiffs and the other Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

74.     Mercedes Benz is a "supplier" and "warrantor" within the meaning of Sections 2301(4)-(5).

75.     The Vehicles are "consumer products" within the meaning of Section 2301(1).

76.     Mercedes Benz's express warranty is a "written warranty" within the meaning of Section 2301(6).

77.     Mercedes Benz breached the express warranty by:

a.     Extending a 4 year/50,000 mile Warranty with the purchase or lease of the Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

b.     Selling and leasing Vehicles with Rims that were defective in material and workmanship, requiring repair or replacement within the warranty period; and

c.      Refusing to honor the express warranty by repairing or replacing, free of charge, the Rims and instead charging for repair and replacement parts.

78.      Mercedes Benz's breach of the express warranty has deprived the Plaintiffs and the other Class members of the benefit of their bargain.

79.      The amount in controversy of the Plaintiffs' individual claims meets or exceeds the sum or value of $25.  In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

80.      Mercedes Benz has been afforded a reasonable opportunity to cure its breach of written warranty, including when Plaintiffs and other Class members brought their vehicles in for replacement of the defective Rims.

81.      As a direct and proximate result of Mercedes Benz's breach of its express written warranties, Plaintiffs and the Class members have suffered damages and other losses in an amount to be determined at trial.  Accordingly, Plaintiffs and the Class are entitled are entitled to recover damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other relief as appropriate.

## COUNT III

## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

82.      Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

83.      Plaintiffs and the Class members are consumers who purchased or leased for personal use Mercedes Benz Rims and/or Vehicles from an authorized dealer in the State of New Jersey.

84.     Mercedes Benz used, by means of an affirmative act, an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation, in connection with the advertisement or sale of its Rims and Vehicles with the capacity and/or intent to mislead or deceive Plaintiffs and the Class in violation of N.J.S.A. 56:8-1, *et seq.* (the "New Jersey Consumer Fraud Act").

85.     In addition, Mercedes Benz knowingly concealed, suppressed, omitted, left out, or did not mention important or significant facts purposely or with the intent that Plaintiffs and the Class would rely on that concealment, suppression and/or omission in connection with the sale or advertisement of its Rims or Vehicles in violation of the New Jersey Consumer Fraud Act.   Plaintiffs and the Class relied upon the facts as communicated to them without having the opportunity to also consider the facts which were concealed, suppressed, or omitted when they purchased or leased their Mercedes Benz Rims and Vehicles.

86.     As a direct and proximate result of Mercedes Benz's unlawful conduct, Plaintiffs and the Class members have suffered or will suffer damages, which include, without limitation, the diminution in value of Plaintiffs' and the Class members' vehicles, costs to inspect, repair, and/or replace the Rims, and reimbursement of the costs and expenses already expended by Plaintiffs and the Class members as a result of the failed Rims in an amount to be determined at trial.

87.     As a direct and proximate result of Mercedes Benz's conduct, Plaintiffs and the Class are entitled to treble damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray the Court to enter judgment against Mercedes Benz and in favor of Plaintiffs, on behalf of themselves and the Class members, and to award the following relief:

A.      Certifying this action as a nationwide class action (or in the alternative as a New Jersey class action), certifying Plaintiffs as representatives of the Class and designating their counsel as counsel for the Class;

B.      Tolling the statute of limitations pursuant to the discovery rule and the doctrine of fraudulent concealment;

C.      Awarding the Plaintiffs and each Class member compensatory damages for the acts complained of herein;

D.      Awarding the Plaintiffs and each Class member treble damages for the acts complained of herein;

E.      Awarding the Plaintiffs and each Class member costs and attorneys' fees, as allowed by law, and/or awarding counsel for the Class attorneys' fees;

F.      Awarding the Plaintiffs and each class member statutory pre-judgment interest;

G.      For legal and equitable relief as this Court may deem just and proper; and

H.      Granting such other or further relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  November 2, 2009

**GARDY & NOTIS, LLP**

By:    s/James S. Notis
        Mark C. Gardy
        James S. Notis
        Kelly A. Noto
        Charles A. Germershausen
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7377
Fax: 201-567-7337

**SADIS & GOLDBERG LLP**
Douglas Hirsch
Francis Bigelow
Charles Dufresne
551 Fifth Avenue, 21st Floor
New York, New York 10176
Tel: 212-573-6660
Fax: 212-573-6661

**BERK LAW PLLC**
Steven N. Berk
Michael P. Lewis
1225 15th Street, NW
Washington, D.C. 20005
Tel: 202-232-7550
Fax: 202-232-7556

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
369 Lexington Avenue, 10th Floor
New York, New York 10016
Tel: 212-983-9330
Fax: 212-983-9331