# GARDY & NOTIS, LLP
ATTORNEYS AT LAW
560 SYLVAN AVENUE
ENGLEWOOD CLIFFS, NEW JERSEY 07632

T: 201.567.7377
F: 201.567.7337
WWW.GARDYLAW.COM

August 17, 2011

**BY CM/ECF & FEDEX**

The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Jr. United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:   *Luppino, et al. v. Mercedes-Benz USA, LLC*
           Civil Action No. 09-05582 (DMC) (JAD)

Dear Judge Dickson:

    We represent plaintiffs Vincent Luppino, Cliff Stern, and John Casiero ("Plaintiffs") in this matter. On Monday, Defendant made an informal letter application to the Court for an order compelling Plaintiffs to provide certain information. Defendant's "application" does not comply with Local Rules 7.1 and 37.1; was made without prior notice or the requisite meet and confer efforts; and should be rejected by the Court. The Court stated at the August 4 Status Conference that Plaintiffs' Motion to Compel should be filed by August 15; Defendant should file its opposition along with any cross-motion to compel by August 29; and that if any purported spoliation motion was ripe for briefing within that time frame, Defendant could brief that issue as well. The Court further advised that Plaintiffs should call the Court to inquire whether a reply brief would be necessary to address new arguments raised in Defendant's opposition or cross-motions; such a reply, if necessary, would be due on or before September 9. The Court also scheduled an in-person Status Conference for September 27, 2011 at 3:00 p.m. While the Court encouraged an informal exchange of discovery requests and responses among the parties, the Court did not direct that an "informal application" made outside the parameters of the governing rules could be made or that it would be considered.

    Defendant claims in its letter, among other things, that Plaintiffs "refused" to provide any information regarding the testing performed upon one of two of plaintiff Luppino's damaged wheels that Plaintiffs have in their possession. Defendant also attaches its litany of letters wherein Defendant attempts to "spin" its version of the facts. Plaintiffs' motion to compel attaches, and addresses, each of these letters, which speak for themselves and therefore will not be addressed here. Amidst all of this posturing, Defendant's letter boils down to three points, addressed *seriatim*.

GARDY & NOTIS, LLP

The Honorable Joseph A. Dickson, U.S.M.J.
August 17, 2011
Page 2 of 3

  First, Plaintiffs have produced and/or permitted inspection of everything in their possession, custody and control.  Defendant asked whether Plaintiffs had damaged wheels in their possession, and Plaintiffs responded, in writing, affirmatively.  Defendant then asked to inspect the rims in Plaintiffs' possession, and Plaintiffs granted that request.  Defendant next asked to inspect the rims twice, a request Plaintiff also granted.  Defendant further asked to inspect Plaintiffs' Vehicles, another request Plaintiffs granted.  In response to Defendant's request and with no obligation to do so, Plaintiffs also agreed to give Defendant seven days notice of any sale or transfer of their Vehicles.  Plaintiffs have obliged Defendant's every whim, without the need for Court intervention.  Defendant's current suggestion that Plaintiffs have "refused" anything is unsupported.

  Second, Plaintiffs have repeatedly told Defendant that they were not in possession of any of Plaintiff Stern's or Casiero's damaged wheels.  Defendant was so advised at the June 24 meet and confer and again later in Plaintiffs' July 19 letter wherein Plaintiffs stated "As previously discussed, Plaintiffs are not in possession of Plaintiffs Stern's or Casiero's damaged rims." Defendant does not cite that statement in its letter.

  Just this past Friday, however, Plaintiff Stern had to replace a damaged Rim on one of his other Mercedes-Benz Vehicles (not the Vehicle that is the subject of this lawsuit).  In an abundance of caution, Plaintiffs have preserved this Rim, despite the fact that it is not from the Vehicle identified in the Complaint.

  Third, after Plaintiffs permitted Defendant to photograph the damaged wheels in Plaintiffs' possession, Defendant attached the pictures to its letter to this Court.  While on the one hand, Defendant argues that one rim is "destroyed" because sections have been removed from the wheel (and suggests that sanctions are an appropriate remedy), on the other hand, Defendant claims that the second of the two wheels is not an adequate substitute and cannot be tested because it is not damaged.  As explained in Plaintiffs Motion to Compel, and as Mercedes-Benz is well aware, the tire must be removed from the wheel, and a machine must be employed to "test" the wheel, to see if it is damaged.  The damage is not readily apparent to the naked eye.  The Mercedes-Benz dealership that removed the two wheels from Plaintiff Luppino's Vehicle informed him that they were both damaged.  Counsel's assertions that "there is no damage to the wheel, let alone the type of damage alleged in the complaint," is without basis at best, misleading at worst, and, ultimately, just more smoke.

**GARDY & NOTIS, LLP**

The Honorable Joseph A. Dickson, U.S.M.J.
August 17, 2011
Page 3 of 3

      Plaintiffs respectfully request that the Court reject Defendant's procedurally improper application. In the event Defendant makes a procedurally proper motion, Plaintiffs' counsel can respond in accordance with the schedule set forth by the Court at the Status Conference (as the Court may recall, I will be on vacation next week). For the Court's convenience, I also enclose a courtesy copy of Plaintiffs' Motion to Compel, filed Monday.

                                        Respectfully submitted,

                                        **GARDY & NOTIS, LLP**

                            By: _/s/ Kelly A. Noto_
                                  Kelly A. Noto

cc:     Christopher Walsh (by ECF & e-mail)
           Michael R. McDonald (by ECF & e-mail)