UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT LUPPINO, CLIFF STERN, and JOHN CASIERO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>        Defendant. | Civil Action No.: 09-005582 (DMC) (JAD)<br><br>Document Electronically Filed |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY MERCEDES-BENZ DEALERSHIPS' MOTION TO QUASH RULE 30(b)(6) DEPOSITION SUBPOENAS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER PURSUANT TO RULE 26**

Jennifer Mara, Esq.
Michael A. Baldassare, Esq.
**BALDASSARE & MARA, LLC**
570 Broad Street
Newark, New Jersey 07102
Telephone:  973-200-4066
Facsimile:  973-556-1076

*Attorneys for Non-Party*
*Mercedes-Benz Dealerships*

# **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ................................................................................ 1

II.  FACTUAL BACKGROUND .................................................................................... 2

III. THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY WERE NOT PROPERLY SERVED ............................................................................................... 4

IV.  THE SUBPOENA TO MERCEDES-BENZ OF ATLANTIC CITY MUST BE QUASHED BECAUSE IT REQUIRES THE WITNESS TO TRAVEL MORE THAN 100 MILES ...................................................................................................... 6

V.   THE SUBPOENAS MUST BE QUASHED BECAUSE THEY IMPOSE AN UNDUE BURDEN UPON THE NON-PARTY DEALERSHIPS ............................................ 7

VI.  ALTERNATIVELY, THE COURT SHOULD ENTER A PROTECTIVE ORDER BARRING PLAINTIFFS FROM OBTAINING THE SUBPOENAED TESTIMONY. 11

VII. CONCLUSION ........................................................................................................ 15

# **TABLE OF AUTHORITIES**

Cases

*Ameristar Jet Charter, Inc., v. Signal Composites, Inc., et al.*, 244 F.3d 189 (1st Cir. 2001) ........ 8

*Bank of Oklahoma, N.A. v. Arnold*, No. 06-CV-543-GKF-PJC, 2008 WL 482860 (N.D. Okla. Feb. 20, 2008) ................................................................................................................. 4

*Bayer AG v. Betachem, Inc.*, 173 F.3d 188 (3d Cir. 1999) ........................................................... 11

*Board of Trustees of the Trucking Empl'ees of No. Jersey Welfare Fund, Inc., v Caliber Auto Transfer, Inc.*, Civ. Action No. 09-6447 (DRD) (MAS), 2011 U.S. Dist. LEXIS 71268 (D.N.J. June 30, 2011) .................................................................................................................. 6

*Carroll v. Variety Children's Hospital*, No. 4:07-MC-033, 2007 WL 2446553 (E.D. Tex. Aug. 23, 2007) ........................................................................................................................... 5

*Cusumano v. Microsoft Corp.*, 162 F.3d 708 (1st Cir. 1998) ................................................. 8, 12

*Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774 (9th Cir. 1994) ................................. 7

*Firefighter's Inst. For Racial Equality ex rel. Anderson v. City of St. Louis*, 200 F.3d 898 (8th Cir. 2000) ........................................................................................................................... 5

*Fletcher v. Brown County*, 2007 WL 2248097 (D. Neb. 2007) ..................................................... 4

*In re Deposition Subpoena Directed to Leonard Smith*, 126 F.R.D. 461 (E.D.N.Y. 1989) ........... 4

*In re Lazaridis*, Civil Action No. 10-29, 2011 WL 3859919 (D.N.J. Sept. 1, 2011) ..................... 7

*Johnson v. Petsmart, Inc.*, 2007 WL 2852363 (2007) ................................................................... 5

*Joy v. Perez*, Civ. No. 10-1636 (DMC) (JAD), 2011 WL 3703494 (D.N.J. Aug. 22, 2011) ....... 11

*Khachikian v. BASF Corp.*, No. 91-CV-573, 1994 WL 86702 (N.D.N.Y. March 4, 1994) ........... 4

*Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990) ............................... 14

*Nye v. Ingersoll Rand Company*, Civ. No. 08-3481, 2011 WL 253957 (D.N.J. Jan. 25, 2011) ..... 4

*OMS Investments, Inc. v. Lebanon Seaboard Corp.*, Civil Action No. 08-2681, 2008 WL 4952445 (D.N.J. Nov. 18, 2008) ....................................................................................... 7

*Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667 (W.D. Mich. Nov. 27, 2006) .................. 5

*SAJ Distributors, Inc. v. Sandoz, Inc.*, Civil Action No. 08-1866, 2008 U.S. Dist. LEXIS 50361 (D.N.J. June 27, 2008 ) ...................................................................................................... 7

*Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *4 (D.N.J. 2007)) ..................................... 7

*Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386(AGS), 2001 WL 487413 (S.D.N.Y. May 8, 2001) . 5

*Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463 (E.D. La. 2007) ....................................................... 4

*Wilhams v. City of Dallas*, 178 F.R.D. 103 (N.D. Tex. 1998) ......................................................... 7

Rules

Fed. R. Civ. P. 26(c)(1) ................................................................................................................ 11

Fed. R. Civ. P. 45(b)(1) .................................................................................................................. 4

Treatises

9A Wright & Miller, Federal Practice & Procedure § 2454 (3d ed. 2011) ..................................... 4

I.      **PRELIMINARY STATEMENT**

The non-party Mercedes-Benz Dealerships submit this memorandum of law in support of their motion to have Plaintiffs' Rule 30(b)(6) subpoenas quashed or, in the alternative, for the entry of a protective order barring Plaintiffs from obtaining the deposition testimony sought. In sum, and as discussed fully in the following Sections, the deposition subpoenas were improperly served and impose an undue burden on the non-party Dealerships.

After more than two years of litigation, Plaintiffs' last minute strategy is as obvious as it is contrary to law: force the non-party Dealerships to conduct the discovery collection and analysis that Plaintiffs have neglected since the fall of 2009. An analysis of the docket entries in this matter reveals the following. Plaintiffs filed this lawsuit over two years ago, on November 2, 2009. To date, Plaintiffs have not taken a single deposition, let alone the deposition of a non-party. Further, about seven months ago, Defendant MBUSA made three large databases available to Plaintiffs. It appears that Plaintiffs have yet to look at a single document, email, spreadsheet, report, or any other document from any of those databases. In fact, it took the urging of this Court and the passage of six months for Plaintiffs to suggest search terms for those databases.

Against that backdrop, Plaintiffs seek to depose the non-party Dealerships regarding documents and information that appears readily available from Defendant MBUSA. As strangers to this litigation, and in the face of Plaintiffs' failure to conduct discovery with the Defendant up until the very last minute, the law protects the non-party Dealerships from Plaintiffs' burdensome demands. This motion should be granted.

## II.     FACTUAL BACKGROUND

On or about October 12, 2011, Plaintiffs served document subpoenas on 14 independently owned Mercedes-Benz dealerships ("the Dealerships"), who are not and have never been parties to this litigation.  Indeed, most of the Dealerships had never heard of this litigation until the document subpoenas were received.  Over the next two months, counsel conferred numerous times to resolve their disputes regarding the document subpoenas.

On the evening of January 5, 2012, without notice or any prior communication, the plaintiffs e-mailed 14 deposition subpoenas, which seek testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "30(b)(6) subpoenas"), to counsel for the Dealerships.  Those subpoenas commanded appearances from the Dealerships beginning 15 days later, on January 20, 2012, and sought testimony regarding a wide range of topics, including:

- communications between the Dealerships and MBUSA, Daimler, or AMG, on the other (Subject Matter Demands 3 and 4), which can largely be obtained from MBUSA;
- testimony regarding everything said by every salesperson regarding Rims (Subject Matter Demand 8);
- the Dealerships' "informal document retention and destruction policies" (Subject Matter Demand 7); and
- the extent to which a Dealership may have replaced Rims for a customer based upon "good will" (Subject Matter Demand 5).

On January 12, 2012, the Dealerships' counsel asked Plaintiffs to withdraw the subpoenas because they were unduly burdensome and, additionally and specifically, because they failed to comply with Federal Rules of Civil Procedure 45(b)(1) and (c)(3)(A)(ii).  Mara

- 3 -

Cert. Ex. 1.  *See also* Mara Cert. Ex. 2.  Plaintiffs did not respond to that request.  This motion followed.[1]

The day after the Dealerships informed Plaintiffs of the fatal infirmities contained in the 30(b)(6) subpoenas, Plaintiffs filed a motion to compel the Dealerships to produce documents in connection with the document subpoenas.  That motion is pending before the Court and the Dealerships will file an opposition brief on or before January 23, 2012, as provided by the Rules.

---

[1] There has been no actual due date for this motion because the subpoenas were never served and, therefore, the time periods in Rule 45 were never triggered.  Despite that, and Plaintiffs' silence regarding any efforts to correct the fatal defects in the subpoenas, the non-party Dealerships have filed this motion in good faith before the depositions were to begin.

**III.    THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY WERE NOT PROPERLY SERVED.**

Federal Rule of Civil Procedure 45(b) states, in part, that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Wright and Miller explain that:

> The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally. Under this construction, contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness. Moreover, unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.

9A Wright & Miller, Federal Practice & Procedure § 2454 (3d ed. 2011). *See, e.g.*, *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) (quashing Rule 45 subpoenas that were served on counsel, rather than witnesses, noting that "service upon a party's counsel only renders such service a nullity"), *Khachikian v. BASF Corp.*, No. 91-CV-573, 1994 WL 86702, at *1 (N.D.N.Y. March 4, 1994) (declaring plaintiff's subpoena a "nullity" because it was simply mailed to entity's attorney), *In re Deposition Subpoena Directed to Leonard Smith*, 126 F.R.D. 461 (E.D.N.Y. 1989) (denying motion to serve deposition subpoena upon witness by delivering it to witness's attorney); *cf. Fletcher v. Brown County*, 2007 WL 2248097, at *2 (D. Neb. 2007) (granting motion to quash subpoena party where failed to file proof of service prior to scheduled date of deposition). Consistent with this teaching, the rule governing subpoena service does not permit any form of mail service, facsimile service, or e-mail service. *See, e.g., Bank of Oklahoma, N.A. v. Arnold*, No. 06-CV-543-GKF-PJC, 2008 WL 482860, at *1-3 (N.D. Okla. Feb. 20, 2008) (denying motion to serve subpoena by e-mail and facsimile); *Johnson v.*

*Petsmart, Inc.*, 2007 WL 2852363, at *2 (2007) (service of subpoena by facsimile does not satisfy delivery requirement) (citing *Firefighter's Inst. For Racial Equality ex rel. Anderson v. City of St. Louis*, 200 F.3d 898, 903 (8th Cir. 2000)).

Moreover, courts have consistently held that service of a Rule 45 subpoena is improper unless the required fees for attendance and mileage are tendered contemporaneously. *See Carroll v. Variety Children's Hospital*, No. 4:07-MC-033, 2007 WL 2446553, at *2 (E.D. Tex. Aug. 23, 2007) (quashing Rule 45 deposition subpoena, in part, because it "was not accompanied by either the mileage fee or the witness attendance fee"); *Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667, at *1-2 (W.D. Mich. Nov. 27, 2006) (denying motion to issue Rule 45 subpoena where movant failed to tender fees and mileage contemporaneously); *Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386(AGS), 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) (quashing deposition subpoena, stating that "where no fee is tendered with the service of a subpoena requiring a witness's attendance, the service is invalid").

Here, the deposition subpoenas were not properly served because (a) they were merely e-mailed to counsel for the Dealerships, and (b) no fees for attendance and mileage were tendered. Mara Cert. Ex. 3.  Plaintiffs did not ask if the Dealerships would waive appropriate service or payment of a fee.  *Id.*  And, as noted, when informed of these deficiencies, Plaintiffs chose not to respond in any manner.  In the interest of brevity, the point will not be belabored and, in fact, the Court can grant the requested relieve -- quashing all 14 of the 30(b)(6) subpoenas -- on this basis alone and need not reach the other reasons why the subpoenas are legally defective.  For this reason alone, the motion should be granted.

### IV. THE SUBPOENA TO MERCEDES-BENZ OF ATLANTIC CITY MUST BE QUASHED BECAUSE IT REQUIRES THE WITNESS TO TRAVEL MORE THAN 100 MILES.

The 30(b)(6) subpoena to Mercedes-Benz of Atlantic City violates the protections afforded non-party witnesses. Specifically, Federal Rule of Civil Procedure 45(c)(3)(A)(ii) states in pertinent part:

> On timely motion, the issuing court must quash or modify a subpoena that … requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person ….

*See also Board of Trustees of the Trucking Empl'ees of No. Jersey Welfare Fund, Inc., v Caliber Auto Transfer, Inc.*, Civ. Action No. 09-6447 (DRD) (MAS), 2011 U.S. Dist. LEXIS 71268, at *14-15 (D.N.J. June 30, 2011) (quashing deposition subpoena, in part, because witness would have to travel over 100 miles to appear at Plaintiffs' counsel's office).

In this matter, Plaintiffs commanded the witness to appear at the offices of Plaintiffs' counsel in Englewood Cliffs, New Jersey. Mercedes-Benz of Atlantic City is located approximately 138 miles from the Englewood Cliffs office. Thus, the deposition subpoena as to the Atlantic City Dealership improperly demands that the witness travel more than 100 miles in clear violation of Rule 45. Once again, the basis for quashing the subpoena is straightforward, well-settled and non-controversial, and need not be belabored.

**V.     THE SUBPOENAS MUST BE QUASHED BECAUSE THEY IMPOSE AN UNDUE BURDEN UPON THE NON-PARTY DEALERSHIPS.**

Pursuant to Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." And, Rule 45(c)(3)(A)(iv) requires the court to quash or modify a subpoena if it "subjects a person to undue burden." *See also Nye v. Ingersoll Rand Company*, Civ. No. 08-3481, 2011 WL 253957, *6 (D.N.J. Jan. 25, 2011) (discussing a court's obligation to enforce the protections afforded by Rule 45); *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, Civil Action No. 08-2681, 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008) (same). An undue burden exists when the subpoena is "unreasonable or oppressive." *In re Lazaridis*, Civil Action No. 10-29, 2011 WL 3859919, at *2 (D.N.J. Sept. 1, 2011) (citing *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598, at *4 (D.N.J. 2007)). "A strict definition does not exist for 'unreasonable or oppressive' requests, rather the Court must decide what meets this criteria on a case by case basis." *OMS*, 2008 WL 4952445, *3 (citing *Wilhams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).

The protections provided by the Federal Rules are heightened when discovery is directed at a non-party. Specifically, "the Rules 'afford non-parties special protection against the time and expense of complying with subpoenas.'" *SAJ Distributors, Inc. v. Sandoz, Inc.*, Civil Action No. 08-1866, 2008 U.S. Dist. LEXIS 50361, at *8 (D.N.J. June 27, 2008 ) (quoting *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)). As the First Circuit Court of Appeals has stated:

> It is also noteworthy that the respondents are strangers to the antitrust litigation; insofar as the record reflects, they have no dog in that fight. Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust

> upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.

*Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (affirming denial of motion to compel production of subpoenaed materials).

This motion presents the precise situation in which the Court should exercise its authority to protect non-parties like the Dealerships, particularly where, as here, the non-parties have been subpoenaed because of Plaintiffs' failure to conduct discovery in a timely fashion. Plaintiffs began this litigation over two years ago, on November 2, 2009. Docket Entry 1. Now, over 26 months later, Plaintiffs have yet to take a single deposition of the defendant, let alone any third-party. Docket Entry 100-1 at 18. Further, on June 24, 2011, Plaintiffs were informed that defendant MBUSA was making available three large databases of electronically stored information ("ESI"). Docket Entry 79 at 13. Now, over six months later, it appears that Plaintiffs have yet to look at a single document, email, spreadsheet, report, or any other document from any of those databases. Docket Entry 104 at 2-3. It was only on December 20, 2011 -- six full months after the databases became available and three months after Your Honor urged Plaintiffs to work on search terms -- that Plaintiffs even bothered to respond to Defendant's efforts in that regard. *Id.*

After all that, Plaintiffs now seek urgent depositions (at the close of the discovery deadline) regarding many topics that appear to be, in the words of the First Circuit, a "fishing expedition." *Ameristar Jet Charter, Inc., v. Signal Composites, Inc., et al.*, 244 F.3d 189, 193 (1st Cir. 2001). For example, the 30(b)(6) subpoenas seeks testimony regarding everything said by every salesperson regarding Rims (Subject Matter Demand 8), the Dealerships' "informal document retention and destruction policies" (Subject Matter Demand 7), and the extent to which a Dealership may have replaced Rims for a customer based upon "good will" (Subject Matter

Demand 5). It is not clear how the subpoenaed testimony will assist in any way to resolve the issues at the heart of this litigation, such as whether the Rims have a design defect. In light of this uncertainty, and the financial burden associated with the preparing for and appearing at the depositions, the subpoenas should be quashed. The Dealerships ask this Court to decline Plaintiffs' invitation to force depositions so that Plaintiffs can place the non-party Dealerships under a microscope for such irrelevant issues.[2]

And, the 30(b)(6) subpoenas seek testimony that is clearly available from a party, namely Defendant MBUSA. For example, Subject Matter Demands 3 and 4 focuses largely on the Dealerships' "communications" with MBUSA. Despite that, Plaintiffs have never taken a 30(b)(6) deposition of an MBUSA representative; in fact, Plaintiffs have not deposed a single witness in this case, despite the fact that it was commenced over two years ago. Here again, Plaintiffs' lack of diligence should not be visited on a non-party which had no notice or involvement in this litigation until just before the discovery end date.

Moreover, given the wide range of topics to be explored during the depositions, the Dealerships will have to expend considerable time, resources, and money to prepare their representatives to testify, which will significantly disrupt the Dealerships' business operations and cause them additional financial strain. The Subject Matter Demands require testimony from a service person, a sales person, and an IT person. Thus, the Dealerships either incur all the costs and burden of producing three people, or having one person learn all there is to know about two areas outside of his or her normal range of responsibilities. For all the reasons set forth herein, it is just more than the law requires.

---

[2] This is particularly true because there is no indication from any of the publicly filed documents that Plaintiffs have analyzed the 30,000 documents produced by MBUSA, but were unable to find what they need.

Finally, in what is, most respectfully, the most galling of Plaintiffs' demands, the 30(b)(6) subpoenas seek testimony regarding the Dealerships' documents (*e.g.*, Subject Matter Demands 1, 4 and 7). The problem with those demands is that they are basically a (not too) thinly veiled attempt to have the non-party Dealerships do Plaintiffs' work for them. As this Court is well aware from the publicly filed documents, MBUSA made three databases available to Plaintiffs on June 24, 2011. Docket Entry 79. Despite Your Honor's urging, Plaintiffs only began working on search terms a few weeks ago. Docket Entry 104 at 2. Thus, it is a safe assumption that Plaintiffs have never looked at a single document from the databases that were made available to them nearly seven months ago. Rather than discharge their obligation in that regard, Plaintiffs have adopted a "make the Dealerships do it for us" strategy, much like Plaintiffs' defunct "make MBUSA get us Daimler's documents" plan of action. Just as the Court put a stop to the latter, it should, most respectfully, prevent the former.

The non-party Dealerships are strangers to this litigation and Plaintiffs should not be permitted to make up for lost time by thrusting the unwanted burden of 30(b)(6) depositions upon them. Accordingly, the Court should enter an order quashing the deposition subpoenas.

## VI. ALTERNATIVELY, THE COURT SHOULD ENTER A PROTECTIVE ORDER BARRING PLAINTIFFS FROM OBTAINING THE SUBPOENAED TESTIMONY.

Federal Rule of Civil Procedure 26 grants the Court considerable authority to limit a party's pursuit of otherwise discoverable information where the burden of a discovery request is likely to outweigh the benefits. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed") (internal citations omitted). Specifically, Rule 26(c) authorizes protective orders limiting the discovery sought and/or eliminating certain topics from discovery. Upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Joy v. Perez*, Civ. No. 10-1636 (DMC) (JAD), 2011 WL 3703494, at *1-2 (D.N.J. Aug. 22, 2011) (denying appeal of entry of protective order preventing deposition of third party, stating "it is appropriate to apply Rule 26(c) and issue a protective order in this instance").

Discovery sought by way of a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b). *OMS Investments,* 2008 WL 4952445, *2. Rule 26(b)(2) requires a court to limit discovery otherwise allowed by the rules if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*See also Cusumano*, 162 F.3d at 714 (Rule 26(b)(2)'s "admonition forms the backdrop against which a court must consider whether to enforce a subpoena duces tecum issued as an instrument of discovery in a civil case").

Here, the deposition testimony sought by Plaintiffs does not fall into the range of discovery permissible under Rule 26(b) for the following three reasons. <u>First</u>, as discussed in the preceding Section, *supra*, the information sought by Plaintiffs is "unreasonably cumulative or duplicative" and "can be obtained from some other source that is more convenient [and] less burdensome," namely Defendant MBUSA. For example, Plaintiffs seek testimony regarding Rim repairs, including "databases setting forth summaries or descriptions of such repairs." Given the fact that it appears that any such databases and similar records would be equally accessible to MBUSA, and that Plaintiffs have not even deposed a single representative from MBUSA regarding this or any other topic, *supra*, it is clear that it would be less burdensome for Plaintiffs to direct such inquiries to MBUSA, a party to the action. Likewise, testimony regarding communications *between* the Dealerships, on the one hand, and MBUSA, Daimler, or AMG, on the other (Subject Matter Demands 3 and 4) can by definition be obtained from MBUSA (a party) and Daimler and AMG (while not parties, entities with more of a "dog in this fight," *see Cusumano*, 162 F.3d at 717). The non-party Dealerships simply should not have to shoulder the burden of providing testimony regarding this subject matter. Similarly, if and when such testimony is obtained from Defendant MBUSA and the other corporate entities, any testimony of the Non-party Dealerships will surely be "unreasonably cumulative or duplicative." Accordingly, the deposition testimony sought is beyond the permissible scope of discovery under Rule 26(b).

Second, Plaintiffs clearly have had "had ample opportunity to obtain the information by discovery in the action." Indeed, as discussed *supra*, Plaintiffs have squandered many months neglecting to review documents and databases made available to them by Defendant MBUSA and failing to depose a single witness from MBUSA. Plaintiffs' failings in this regard should not be visited upon the non-party Dealerships. It strains credulity that, on the eve of the close of the discovery period, Plaintiffs suddenly and urgently need the testimony of witnesses from 14 non-party Dealerships in New Jersey, and that the information sought could not have been obtained through direct discovery in the matter during the past two-plus years. For this reason as well, the deposition testimony sought by Plaintiffs falls outside the bounds of permissible discovery.

Third, the burden and expense of the deposition testimony sought by Plaintiffs far outweighs any possible benefit. It is unclear what benefit Plaintiffs will derive from the deposition testimony they seek. While at first blush, the subject matter described in Plaintiffs' may seem relevant and designed to yield important information, upon closer inspection the proposed areas of inquiry, such as the nature and volume of Rim repairs, tread ground that has been (or should have been) well covered by now. Moreover, the non-party Dealerships certainly cannot shed any light whatsoever on whether there is an inherent design defect in the Rims -- the issue that appears to be at the heart of this litigation. In contrast, it is readily apparent that the depositions sought by Plaintiffs will place an immense burden on the non-party Dealerships, who will have to designate someone (or more than one person) to testify on a diverse range of topics, not typically within the ken of knowledge of any one representative. To wit, Plaintiffs seek testimony regarding the "testing, retention, storage, transfer, destruction, disposal, quantity, and present location of any damaged, broken, cracked and/or defective Rims that are in, or that ever came within, Your possession," (perhaps a services manager) and "Your formal and informal

document retention and destruction policies," (perhaps an in-house or outside IT manager) as well as "Representations made by You, including Your sales staff, in the course of or in furtherance of sales, concerning the quality, performance, reliability, durability, and safety of Rims" (perhaps a sales manager). As this Court knows, each witness must be prepared for testimony, etc., which will cost time, money, and inconvenience for the non-party Dealerships.

Finally, it bears noting that the issues presented in the instant motion are interwoven with the issues presented by Plaintiffs' pending Motion to Compel against the non-party Dealerships. The Dealerships respectfully submit that the two motions be decided together because a decision in favor of the Dealerships on the Plaintiffs' Motion to Compel would seem to obviate a decision regarding the propriety of the 30(b)(6) subpoenas. *See, e.g.*, *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990) (reversing denial of motion to quash subpoenas, finding 30(b)(6) deposition subpoenas equally objectionable as document subpoenas previously determined to be improper).

- 15 -

**VII.     CONCLUSION**

  For the foregoing reasons, the Dealerships respectfully request that the Court enter an order quashing the subpoenas, or in the alternative, a protective order barring Plaintiffs from obtaining the subpoenaed testimony.

                Respectfully submitted,

                By:  /s/ Jennifer Mara

                Jennifer Mara, Esq.
                Michael A. Baldassare, Esq.
                **BALDASSARE & MARA, LLC**
                570 Broad Street
                Newark, New Jersey 07102
                Telephone:  973-200-4066
                Facsimile:  973-556-1076

                *Attorneys for Non-Party*
                *Mercedes-Benz Dealerships*


                Dated: January 19, 2012