**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT LUPPINO, CLIFF STERN, and JOHN CASIERO, individually and on behalf of all others similarly situated, | Civil Action No.: 09-cv-5582 (DMC-JAD) |
| Plaintiffs, | |
| v. | OPINION |
| MERCEDES-BENZ USA, LLC. | |
| Defendant. | |

**JOSEPH A. DICKSON, U.S.M.J.**

     This matter comes before the Court upon motion by Plaintiffs Vincent Luppino, Cliff Stern, and John Casiero, individually and on behalf of all others similarly situated ("Plaintiffs") for leave to file a Third Amended Complaint. Pursuant to Federal Rule of Civil Procedure 78, there was no oral argument. Upon consideration of the parties' submissions, and for the reasons set forth below, Plaintiffs' motion for leave to file the Third Amended Complaint is **granted**.

## I.    BACKGROUND

    On November 2, 2009, Plaintiffs filed a Complaint against Defendant Mercedes-Benz USA LLC ("MBUSA") alleging violations of the New Jersey Consumer Fraud Act ("CFA"), Breach of Express Warranty, and Breach of Written Warranty pursuant to the Magnuson-Moss Warranty Act. (ECF 1). On January 27, 2010, Plaintiffs filed an Amended Complaint. (ECF 16). Defendant MBUSA filed its Motion to Dismiss on February 16, 2010. (ECF 17). Judge

Cavanaugh granted the motion on August 13, 2010 and dismissed without prejudice the warranty counts and the CFA claims.  (ECF 30 and 31).  Plaintiffs were given leave to amend their pleadings in order to cure the defects found by the Court.

On September 24, 2010, Plaintiffs filed the Second Amended Class Action Complaint. (ECF 37).  On October 26, 2010, Defendant filed an answer and a motion to dismiss the CFA count and the warranty claims of Plaintiffs Stern and Casiero.  (ECF 40 and 41).  Judge Cavanaugh granted that motion in part by dismissing the warranty counts (Counts I and II) of Stern and Casiero and denied the motion in part by allowing the CFA count to go forward. (ECF 66 and 67).

On January 31, 2011, this Court entered a Pre-Trial Scheduling Order, (ECF 50), which provided that fact discovery would remain open until December 12, 2011 and that the last day for filing motions to add parties or amend the pleading would be September 30, 2011.  That Order was amended on February 11, 2011, (ECF 52), and on March 11, 2011, (ECF 56), to extend the time to serve discovery requests.  On May 11, 2011, the Pre-Trial Scheduling Order was amended once again to extend fact discovery (class and merit) to February 20, 2012 and to set December 2, 2011 as the new date by which the parties may move to amend the Complaint and add parties.  (ECF 65).  The May 11, 2011 Order states that "any motion to amend pleadings and/or add new parties must be filed no later than December 2, 2011."

On December 2, 2011, Plaintiffs, without filing a motion seeking leave to amend, filed a Third Amended Complaint, which, among other things, sought to add a party plaintiff and a party defendant.  (ECF 95).  On December 5, 2011, counsel for Defendant objected to the filing of the Third Amended Complaint on the grounds that Plaintiffs did not file a motion to amend. (ECF 97).  On December 6, 2011, this Court struck the improperly filed Third Amended

2

Complaint and gave Plaintiffs until December 9, 2011 to file a motion for leave to file a Third Amended Complaint. (ECF 99). This motion was thereafter filed on December 9, 2011. (ECF 100). Specifically, Plaintiff seeks to amend the Second Amended Complaint in three ways: (1) adding Daimler AG ("Daimler") as a Defendant in the action; (2) adding Noel J. Spiegel ("Mr. Spiegel") as a Plaintiff in the action; and (3) supplementing the Complaint with additional facts, consisting of consumer complaints filed with the National Highway Transportation Safety Administration ("NHTSA") and online consumer complaints.

Defendant objects on the following grounds:

1.  Defendant argues that Plaintiffs' motion fails to comply with the governing standards under Federal Rules of Civil Procedure 15 and 16; and

2.  Defendant contends that Plaintiffs are unable to establish "good cause" to justify modifying the Pre-Trial Scheduling Order under Rule 16(B)(4) in order to seek leave to amend; and

3.  Defendant argues that Plaintiffs' amendment should be denied due to prejudice, undue delay, and futility.

## II.   **STANDARD OF REVIEW**

Amendments of pleadings are governed by Federal Rules of Civil Procedure 15 and 16. A motion to amend a pleading that is filed <u>before</u> the deadline for amendments of pleadings has passed in a Rule 16 Scheduling Order will be governed by Federal Rule of Civil Procedure 15(a) only. Pursuant to Rule 15(a), after a responsive pleading has been filed:

[A] party may amend its pleading only with the opposing party's written consent

or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a)(2).

"The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. *Foman v. Davis*, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Unfair prejudice is the most common factor used by courts to deny leave. Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant. Delay alone will not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (holding that mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay). Only where delay becomes "'undue,' placing an unwarranted burden on the court, or ... 'prejudicial,' placing an unfair burden on the opposing party" is denial of a motion to amend appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant].").  Delay may become undue when there has been previous opportunity to amend the complaint. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (finding that a three-year lapse between the filing of the complaint and the proposed

4

amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). In such cases, the Court must focus on the moving party's reasons for not amending the pleading sooner. *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).

A proposed amendment will be denied as futile if it "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d at 115. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

After the deadline in a court's Rule 16 Scheduling Order for amendments of pleadings has passed, however, a motion for leave to amend will be governed by both Rule 15 and Rule 16. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." As such, a party must first demonstrate "good cause" to amend the Rule 16 Scheduling Order in order to extend the deadline to amend pleadings. *Stallings v. IBM Corp.*, 2009 WL 2905471, at *15 (D.N.J. Sept. 8, 2009). Only once the party has shown sufficient "good cause" to amend the Rule 16 Order, will the Court then evaluate the proposed amendment under Rule 15(a).

## III.   DISCUSSION

Defendant contends that Plaintiffs' filing of the Third Amended Complaint on December 2, 2011, rather than a motion for leave to amend, requires Rule 16 analysis in this instance. The Court disagrees. Plaintiffs' mistake, while based upon a misguided understanding of the Pre-Trial Scheduling Orders and the need for leave of Court, *see* Rule 15(a)(2), can be excused pursuant to an actual lack of delay. Based on the Pre-Trial Scheduling Order, Plaintiffs had to

5

file for leave to amend any pleadings by December 2, 2011 and, instead, filed the amended pleading on that date.  Once Defendant noted Plaintiffs' procedural failure, the Court gave Plaintiffs until December 9, 2011 to file its motion for leave to amend the Complaint, and Plaintiffs complied with this Order. While Plaintiffs' original filing was not procedurally proper, Plaintiffs did file the amended pleading by the date specified in the Pre-Trial Scheduling Order and subsequently complied with the Court's December 9, 2011 deadline to file the motion for leave to amend the complaint.  Additionally, a review of the motion day calendar confirms that the motion day remained January 3, 2012 regardless of whether the motion was filed on December 2, 2011 or December 9, 2011.  Therefore, there was no actual delay.

Moreover, *Velto v. Reliance Std. Life Ins. Co.*, No. 10-cv-01829 (DMC)(JAD), 2011 U.S. Dist. LEXIS 20933 (D.N.J. Mar. 1, 2011), upon which Defendant relies in its Rule 16 applicability argument, is distinguishable.  In *Velto*, the Court had set a deadline of September 1, 2010 to file any motion to amend pleadings.  *Id.* at *5.  The plaintiffs never filed a motion to amend the complaint and, subsequently, the Court entered a text order granting leave to file a motion to amend by January 1, 2011.  *Id.* at *10.  However, the Court explained that this subsequent text order did not remove the plaintiffs' obligation under Rule 16(b) to demonstrate good cause to amend the Pretrial Scheduling Order, since the text order called for a motion to amend well after the original date set in the Pretrial Scheduling Order.  *Id.*  The text order itself did not amend the Pretrial Scheduling Order and, thus, Rule 16(b) remained applicable.  *Id.* Therefore, the *Velto* plaintiffs attempted to circumvent the Rule 16(b) "good cause" requirement by relying on the text order.  Here, however, Plaintiffs filed the Third Amended Complaint by the deadline enumerated in the revised Pretrial Scheduling Order; while the filing was procedurally infirm, there was not any actual delay as the motion day remained the same whether

the motion was filed December 2, 2011 or December 9, 2011. Therefore, the Court does not find Rule 16 applies, and will apply only the Rule 15(a) standard.[11]

The Court grants Plaintiffs' motion for leave to amend with regard to adding Daimler as a Defendant and Mr. Spiegel as a Plaintiff because Defendant MBUSA has not demonstrated how it will be prejudiced by these amendments. First, this Court agrees with Defendant that Plaintiffs knew or reasonably should have known that Daimler could have been named <u>months ago</u>. However, Defendant has failed to show that it will have to "expend significant additional resources" or face undue delay as a result of the amendment. *See Wyeth v. Abbott Labs.*, No. 09-4850, 2011 WL 4369028, at *5 (D.N.J. Sept. 16, 2011) (citations omitted). Plaintiffs point out the inconsistency in Defendant's argument – Defendant contends that Daimler, and not MBUSA, was the party responsible for the faulty rims, and that the two entities are separate and distinct from each other. If this is the case, it is inconceivable how adding Daimler to this action would force MBUSA to expend significant additional resources in discovery or in preparation for trial. Additionally, although Plaintiffs have yet to explain the relevance of the design-related discovery it has repeatedly sought, Plaintiffs contend Daimler sets "the warranty terms that MBUSA offers, [approves] promotional and advertising materials, and [makes] employment decisions with respect to MBUSA's top executive positions," and these allegations demonstrate that Daimler may exhibit significant control over MBUSA's warranty procedures and representations. (Reply at 4). Therefore, since MBUSA will suffer no prejudice by the addition of Daimler as a defendant, this Court grants the motion to amend as it relates to adding Daimler.

---

[11] The Court will briefly note that even if Rule 16 did apply, Plaintiffs would satisfy the good cause requirement. The Court has "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *Phillips v. Greben*, No. 04-cv-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006). "The determination as to whether good cause exists depends on the diligence of the moving party." *Id.* Under some circumstances, good cause may be found based on a "mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the [s]cheduling [o]rder." *Id.* Here, Plaintiffs clearly made a mistake in filing the Third Amended Complaint without filing a motion for leave to amend, but the mistake was quickly rectified. Accordingly, this Court finds Plaintiffs satisfy good cause.

Defendant has similarly failed to demonstrate how adding Mr. Siegel as a Plaintiff will prejudice MBUSA. While the addition of Mr. Siegel will force MBUSA to expend additional resources in discovery and in preparing for trial, adding Mr. Siegel as a plaintiff in this action will not subject MBUSA to any greater burden than it would face if Mr. Siegel simply pursued litigation against MBUSA in a separate action. While Defendant argues that the addition of Mr. Siegel's warranty claim will prove futile, this Court cannot find futility at this stage of the proceedings where Plaintiffs have alleged that Mr. Siegel presented the Rims to MBUSA within the warranty period, "and Defendant[] refused to replace and/or repair the Rims pursuant to the Warranty." (3d Am. Compl. ¶ 23). Therefore, Plaintiffs' motion for leave to amend is granted as to adding Mr. Siegel as a plaintiff.

With regard to the additional consumer complaints based on postings to the NHTSA and two online forums (i.e. a class action forum on a website called "World Law Direct" and an online forum purportedly for Mercedes-Benz owners that has no affiliation to Defendant) that Plaintiffs are attempting to include in Paragraphs 70-72 of the Third Amended Complaint, this Court is guided by the law of the case. Similar allegations based on consumer complaints from the same three sources—i.e. NHTSA, "World Law Direct," and the same purported Mercedes-Benz owners' forum—were included in Paragraphs 62-64 of the Complaint originally filed. In addition to moving to dismiss the Complaint, Defendant moved to strike Paragraphs 62-64 on the grounds that the "excerpts constitute[d] hearsay submissions that have no indicia of reliability and do not pertain to Plaintiffs' claims." Luppino v. Mercedes-Benz USA, LLC, No. 09-5582, 2010 WL 3258259, at *4, fn.2 (D.N.J. Aug. 16, 2010). Judge Cavanaugh denied Defendant's motion to strike, and stated "[a]lthough this Court has reservations about relying too heavily on such information, there is no need at this stage to determine how much weight should be given to

8

such evidence, or whether such information is unduly prejudicial." Id. (citing Ratner v. General Motors Corp., 241 N.J.Super. 197, 574 A.2d 541, 546 (App.Div.1990) (finding that a trial court's exclusion of "a report of the National Highway Transportation Safety Administration of consumer complaints regarding sudden self-acceleration by vehicles like plaintiff's ... was premature"; noting that "[i]f, as the case unfolded, notice became an issue, for example, the trial judge would be faced with entirely different considerations.")).  Likewise, consumer postings from the three forums were included in Paragraphs 65-67 of the Second Amended Complaint; Defendant did not move to strike these allegations but rather responded to them in its Amended Answer.  The consumer complaints Plaintiffs seek to include in the Third Amended Complaint are of the same variety, and from the same sources, as those Plaintiffs previously included.  This Court shares Judge Cavanaugh's reservations regarding the weight given to such evidence, however, it would be premature at this stage to determine the appropriate weight given to these allegations and Defendant has failed to show how it would be prejudiced by their inclusion; accordingly, Plaintiffs' motion for leave to amend is granted as to the addition of the consumer complaints.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a Third Amended Complaint is **granted**.

SO ORDERED

Joseph A. Dickson, U.S.M.J.

9

cc:    Hon. Dennis M. Cavanaugh, U.S.D.J.