

MICHAEL R. MCDONALD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4827 Fax: (973) 639-6295
mmcdonald@gibbonslaw.com

May 8, 2012

**VIA ECF**

Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal
Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

  Re: *Luppino, et al. v. Mercedes Benz USA, LLC, et al.*
    Civil Action No. 09-5582 (DMC) (JAD)
    **Discovery Dispute re: Non-Party Subpoenas to**
    **Advertising Companies**

Dear Magistrate Judge Dickson:

  We represent Defendant Mercedes-Benz USA, LLC ("MBUSA") in the above-referenced matter. We write pursuant to Your Honor's directive during the parties' status conference on May 2, 2012, regarding the parties' dispute over the propriety of subpoenas served by Plaintiffs upon non-parties (1) Omnicom Group Inc., (2) BOC Partners Inc., and (3) Merkley & Partners (collectively, "advertising companies"). See Exhibit A (copies of the identical subpoenas).

  We understand that some of the advertising companies have satisfied their obligations under Rule 45 by serving objections to the subpoenas, and that no company has produced documents at this time. In addition, on behalf of MBUSA, we likewise advised Plaintiffs that MBUSA objected to the non-party subpoenas because (1) they constituted an end-run around the Federal Rules governing discovery and the Court's Order on the cross-motion to compel discovery; (2) they were beyond the scope of permissible discovery in this case; and (3) they were otherwise harassing of MBUSA's business partners.

  In sum, the subpoenas are completely duplicative of discovery sought from MBUSA. Compare Subpoena, Exhibit A at ¶ 1 ("All documents concerning marketing and promotional materials for Vehicles. . .") with Exhibit B, Plaintiffs' Request For Production ("RFP") No. 47 ("All documents concerning advertisements or promotions of the Vehicles or Rims. . . ."). MBUSA originally responded to Plaintiffs' RFPs on May 6, 2011, and served supplemental responses on November 1, 2011. Although MBUSA objected to RFP No. 47 on the grounds of relevancy and scope, MBUSA produced all available advertising brochures and wheel accessory brochures for the dozens of vehicle models at issue from 2006 to date.

  Though Plaintiffs filed a motion to compel discovery in August 2011, the motion did <u>not</u> challenge MBUSA's objections to the scope and relevance of advertising information sought, but only complained that MBUSA's production of brochures and the like was not complete. See

GIBBONS P.C.

Honorable Joseph A. Dickson, U.S.M.J.
May 8, 2012
Page 2

Docket Entry ("D.E.") No. 75-1 at Point IV. The Court ultimately denied Plaintiffs' motion to compel. See D.E. No. 87.

Seven months after Plaintiffs' motion to compel was filed, Plaintiffs' counsel sent a letter dated March 1, 2012, purporting to identify alleged deficiencies in MBUSA's discovery Responses. The parties soon thereafter met and conferred regarding the claimed deficiencies. Yet, Plaintiffs' counsel never raised any objection to MBUSA's response and objection to RFP No. 47, never argued that general advertising for Mercedes-Benz vehicles (e.g., TV and radio commercials) would be relevant, and never disclosed their intention to seek such broad advertising information from MBUSA's business partners in advertising.

Instead, Plaintiffs served non-party subpoenas on several advertising companies on or about March 21, 2012, in an attempt to obtain the same documents they originally sought from MBUSA. This is a blatant, impermissible end-run around the discovery rules and an improper use of the federal subpoena power. It is respectfully submitted that had Plaintiffs had a legitimate disagreement about the proper scope of advertising in this case, they should have conferred with counsel, and in the absence of an agreement, sought assistance from the Court pursuant to Local Civil Rule 37.1 -- instead of burdening non-parties for the same information.

Obviously, motor vehicles are routinely advertised in print, radio, and television, and Mercedes-Benz vehicles are no exception. This case, however, is about allegedly defective rims, commonly referred to as "wheels." See, e.g., Third Amended Complaint, ¶¶ 2-5. MBUSA does not specifically advertise the wheels on Mercedes-Benz vehicles. Simply stated, general advertising about Mercedes-Benz vehicles is not relevant to the specific issue of whether the rims on the proposed class vehicles are defective.

In fact, although this Court ordered Plaintiffs to supplement their answers to interrogatories -- rather than parrot the allegations of the then-operative Second Amended Complaint -- to, among other things, identify any and all representations that they claim were made to them and upon which they relied in purchasing their Mercedes-Benz vehicles, Plaintiffs could not identify a single representation. See, e.g., Exhibit C, excerpts of Plaintiffs Luppino, Stern, and Casiero's respective Supplemental Response to Interrog. No. 5 of MBUSA's First Set of Interrogatories. Even if they could identify specific advertising — and they have not — the RFP and non-party subpoenas would still be so grossly overbroad as to be harassing and oppressive.

Despite MBUSA's inquiries, Plaintiffs have failed and refused to articulate any reason for such a broad request seeking all advertising information. Indeed, according to Plaintiffs, it appears that every piece of information or document concerning advertising of Mercedes-Benz vehicles would be included within the proper scope of discovery in this case. But, this is

GIBBONS P.C.

Honorable Joseph A. Dickson, U.S.M.J.
May 8, 2012
Page 3

unrelated to the "defect" claims here — ironically, a defect that Plaintiffs have refused to identify after over two years of litigation.

    Accordingly, MBUSA requests that the Court direct Plaintiffs to withdraw the advertising subpoenas.

    Thank you for Your Honor's consideration. We are available at the Court's convenience for a telephonic or in-person conference to discuss this matter.

    Respectfully,

    s/ Michael R. McDonald
    Michael R. McDonald

cc:    All Counsel of Record (*via ECF*)
    Kelly A. Noto, Esq. *(via electronic mail)*
    Mark C. Gardy, Esq. *(via electronic mail)*
    James S. Notis, Esq. *(via electronic mail)*
    Charles A. Germershausen, Esq. *(via electronic mail)*
    James J. Sabella, Esq. *(via electronic mail)*
    Shelley Friedland, Esq. *(via electronic mail)*
    Michael Manuel, Esq. *(via electronic mail)*
    Steven N. Berk, Esq. *(via electronic mail)*
    Charles H. Dufresne, Esq. *(via electronic mail)*
    Douglas Hirsch, Esq. *(via electronic mail)*
    Nadeem Faruqi, Esq. *(via electronic mail)*
    James Cecchi, Esq. *(via electronic mail)*
    Lindsey E. Taylor, Esq. *(via electronic mail)*
    Matthew Bonness, Esq. *(via electronic mail)*
    Anthony Vozzolo, Esq. *(via electronic mail)*
    Jamie Mogil, Esq. *(via electronic mail)*
    Christopher Walsh, Esq. *(via electronic mail)*
    Jennifer Marino Thibodaux, Esq. *(via electronic mail)*

#1782857
110224-73315