

560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
201 567 7377  T
201 567 7337  F
www.gardylaw.com

**Gardy & Notis, LLP**
Attorneys at Law

May 15, 2013

**VIA ELECTRONIC FILING**

The Honorable Joseph A. Dickson
United States Magistrate Judge
Martin Luther King Jr. United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:   Luppino, et al. v. Mercedes-Benz USA, LLC, et al.
>        <u>Civil Action No. 09-05582 (DMC) (JAD)</u>

Dear Judge Dickson:

We are co-counsel for Plaintiffs in the above-referenced matter.  We seek the Court's assistance in resolving a crucial and time-sensitive discovery dispute relating to Plaintiffs' experts testing of wheels.  As you will recall, the Court directed that no further destructive testing of wheels take place without Defendants' participation.  As is set forth in more detail below, Plaintiffs wish to perform tests on certain Plaintiffs' wheels as well as representative samples of other wheels, but Defendants are refusing to cooperate in such testing and have threatened to bring criminal contempt charges, as well as seek other sanctions, against Plaintiffs and counsel if testing proceeds without them.

On May 1, 2013, I sent to Defense counsel the revised Protocol For The Inspection And Testing Of Plaintiffs' Wheels By Plaintiffs' Experts (the "Revised Protocol"), relating to the destructive testing of two of Plaintiffs' wheels,  a copy of which is attached hereto as Exhibit A.

On May 3, 2013, Mr. McDonald replied to my May 1, 2013 email purporting to "return" the Revised Protocol which he contended "was sent in violation of the Court's April 8 orders."  Notably, Mr. McDonald's May 3rd email did not assert any substantive objections to the Revised Protocol, but only objected to its timing.  A copy of Mr. McDonald's May 3, 2013 email to me is attached hereto as Exhibit B.

On May 10, 2013, I sent a letter to Defendants' counsel, advising that Plaintiffs had arranged for the inspection and testing of Plaintiffs' wheels in accordance with the Revised Protocol, providing

details as to each phase of the planned inspection and testing activities to commence on May 27, 2013, including: identification of the two specific wheels of Plaintiffs to be tested;[1] the particular inspections and tests to be conducted; the names and addresses of the facilities that would be conducting the inspections and testing; the expected start and completion dates for each phase; and inviting Defendants to attend and be present for each phase, as well as specifically requesting Defendants' written consent to the destructive testing activities as required by the Superseding Preservation Order (ECF No. 170) entered in this case.  A copy of my May 10, 2013 letter to Mr. McDonald is attached hereto as Exhibit C.

On May 13, 2013, Mr. McDonald responded to my May 10th letter, advising that "Defendants **do not consent** to the destructive testing described in [my May 10, 2013] letter."  Mr. McDonald also stated in his May 13th letter that "Plaintiffs are prohibited from [conducting] the testing described in [my] letter without further order of the Court," and warning that "violation of the Preservation Order may lead to criminal contempt."  Mr. McDonald's May 13, 2013 letter also asserted for the first time that the Revised Protocol supposedly is "improper in numerous ways and will result in improper spoliation ….for which Defendants will seek sanctions, including but not limited to dismissal with prejudice."  A copy of Mr. McDonald's May 13, 2013 letter to me is attached hereto as Exhibit D.

Plaintiffs intend to perform three types of testing.  In the most basic terms the testing will be as follows: (1) inspection and measurement of Plaintiffs' Wheels and other newly obtained wheels, which is not destructive ("inspection testing"); (2) impact testing of new wheels and/or damaged wheels retained by the dealerships , which may be destructive ("impact testing");[2] and (3) metallurgical analysis of the metal components of Plaintiffs' Wheels and other newly obtained wheels (including damaged wheels retained by the dealerships), which is destructive ("metallurgical testing").  The inspection testing will move forward immediately and the impact testing should similarly be permitted to move forward forthwith without input from Defendants as Plaintiffs' Wheels will not be impacted and, thus, spoliation is not an issue.[3]  Thus, the Court need only limit its analysis to the metallurgical testing proposed by Plaintiffs' Counsel in the Revised Protocol.

---

[1]     One wheel had been mounted on Plaintiff Luppino's CLS; the second had been mounted on Plaintiff Stern's S-550.  Collectively, these two wheels are referred to as "Plaintiffs' Wheels."

[2]     Counsel have sought clarification from their expert on whether impact testing will be required on Plaintiffs' Wheels.  Plaintiffs anticipate having an answer regarding this issue in advance of the Court's hearing on the motion for reconsideration scheduled for this Friday May 17, 2013.

[3]     There is some uncertainty of the scope of the Courts' Superseding Preservation Order regarding the destructive testing of newly obtained wheels from various dealerships or other sources without Defendants consent.  *See* April 8, 2013 from Kelly A. Noto (Dkt. No. 241).  Destructive testing of wheels that had not been mounted on named Plaintiffs' vehicles should not require the attendance or consent of Defendants.  Defendants seem to interpret the Court's Superseding Preservation Order to require their attendance and consent for any destructive testing for *any* wheels.  Accordingly, Plaintiffs seek clarification as to whether that Order also prohibits Plaintiffs from conducting destructive testing on

**Gardy & Notis, LLP**
Page 3

Testing of Plaintiffs' Wheels in connection with the litigation would be useful to proving common defect(s), though is not essential for class certification. Plaintiffs contend that all of the wheels are uniform. As such, testing a sampling of the wheels would provide a basis to show common design defect(s) as to the entire proposed class. In fact, Plaintiffs' experts have confirmed that if they are permitted to conduct the inspections and tests of a suitable sampling of the wheels as outlined in the Revised Protocol, they expect to have a sufficiently reliable evidentiary basis to support their opinions as to the existence and nature of the common design defect(s) in the Plaintiffs' wheels and those of absent members of the proposed class.[4]

In light of the Superseding Preservation Order and Defendants' vehement refusal to provide Defendants' written consent for Plaintiffs to proceed with the destructive testing outlined in my May 10, 2013 letter, Plaintiffs have no choice but to seek the intervention of the Court to permit Plaintiffs to proceed with the destructive testing, which arguably may be necessary to prove their claims on the merits.

Respectfully Submitted,

/s/ James H. Gianninoto

James H. Gianninoto

cc:  All Counsel of Record

---

used wheels obtained from the dealers or from any other sources. Additionally, Plaintiffs request this Court's assistance in resolving the outstanding dispute with the dealerships who have retained damaged wheels pursuant to the litigation hold. *See* letter from Michael Baldassare to Hon. Joseph A. Dickson, March 22, 2013 (ECF No. 238); letter from Kelly A. Noto to Hon. Joseph A. Dickson, April (ECF no. 241).

[4]   Plaintiffs will agree to forego the destructive testing of Plaintiffs' Wheels  if Defendants stipulate that the two Plaintiffs' Wheels conform to the manufacturer's design specifications. Additionally, if your Honor does not permit Plaintiffs to conduct this testing, Plaintiffs ask this Court to issue an order barring Defendants from subsequently raising any arguments to the effect that Plaintiffs cannot prevail on their claims because they did not test the subject wheels. In the alternative, if this Court does permit Plaintiffs to conduct the testing at issue, Plaintiffs ask this Court to issue an order holding that Plaintiffs' destructive testing of these wheels does not constitute spoliation of evidence.