NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT LUPPINO, CLIFF STERN, JOHN CASIERO, and NOEL J. SPIEGEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES BENZ USA, LLC, and DAIMLER AG,<br><br>Defendants. | Civil Action No. 2:09-cv-05582 (DMC) (JAD)<br><br>OPINION |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court by Order of the Magistrate Judge directing the parties to submit position letters regarding the appointment of a special discovery master in this matter. (Text Order, ECF No. 272). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. The Court reviewed the papers filed by the parties and concludes that appointment of a special master to (i) oversee the limited discovery that needs to be completed prior to Plaintiffs filing a motion for class certification, as identified herein, and (ii) make a recommendation with respect to the parties' dispute regarding the designation of certain documents as "confidential," is warranted under the circumstances of this action.

I. BACKGROUND

Plaintiffs filed this class action nearly four years ago, on November 2, 2009 (Compl., ECF No. 1), alleging consumer fraud and breach of warranty claims, among others, against

Defendants[1] with respect to allegedly defective wheels on purchased or leased Mercedes-Benz vehicles.

Discovery in this matter has been protracted and riddled with disputes. Indeed, the parties have filed at least four motions and/or informal applications to compel discovery (ECF Nos. 74, 75, 106, and 177); three motions and/or informal applications for protective orders or similar relief (ECF Nos. 83, 108, and 279); a motion for reconsideration of the Magistrate Judge's discovery Order, and supplemental letter briefing thereon following a hearing (ECF No. 245, 260, 265, and 266); and over twenty-three letters relating to various discovery disputes, ranging from spoliation to the inspection of the very wheels that form the basis of this lawsuit. (ECF Nos. 74, 85, 103, 104, 131, 135, 136, 140, 159, 163, 185, 186, 188, 189, 199, 200, 211, 229, 230, 238, 241, 255, and 256).[2] The Magistrate Judge conducted no less than twelve conferences and/or hearings with the parties, at least eight of which were in person, and extended the fact discovery end date a total of six times, from January 20, 2011 to May 17, 2013. (ECF Nos. 50, 65, 113, 169, 209, and 244). Notwithstanding the Court's significant involvement, and its Orders directing the parties to meet and confer on discovery issues, some of the discovery disputes addressed by the Court remain the subject of continuing requests for relief.

These disputes delayed, among other things, the filing of Plaintiffs' motion for class certification. The Court originally ordered that Plaintiffs file their motion for class certification on April 16, 2012; however, the Magistrate Judge extended the deadline on six occasions, permitting more than a year of additional discovery, until May 15, 2013. (ECF Nos. 50, 65, 113,

---

[1] "Defendants," as used herein, refers to defendants Mercedes Benz USA, LLC ("MBUSA") and Daimler AG, collectively.

[2] The parties' engaged in one letter campaign regarding pending motions and discovery disputes that became so voluminous the Court entered an Order on January 23, 2013, directing the parties to refrain from filing further letters on these issues. (Text Order, ECF No. 111).

169, 209, and 244). In addition, the Court took on an active role to foster the exchange of the class discovery. On no less than seven occasions, Plaintiffs were asked to identify to the Court, with specificity, precisely what discovery remained outstanding that was necessary to their motion for class certification. (ECF No. 178; Tr. Stat. Conf. 13:1-76:14, Feb. 21, 2013, ECF No. 222; ECF No. 245; Tr. Stat. Conf. 9:12-64:8, May 17, 2013, ECF No. 259; ECF No. 260; ECF No. 266 and ECF No. 277). The Court issued at least two written discovery orders that directly related to the motion for class certification, (ECF Nos. 242 and 244), and held at least three conferences with the parties, hearing argument from both sides regarding the status of the discovery the Court had previously ordered. Yet, Plaintiffs still contend they have not received the discovery that is necessary in order to file the motion for class certification.

Moreover, another dispute recently developed between the parties regarding the appropriateness of certain confidential designations made pursuant to the Superseding, Stipulated Protective Order (the "Superseding Protective Order") entered by the Court on November 4, 2013. (ECF No. 172). The dispute arose in the context of motions to seal filed by Plaintiffs. (ECF Nos. 233, 267, and 280) (collectively, the "Motions to Seal"). Plaintiffs submitted the Motions to Seal because they filed various documents that had been designated as confidential by Defendants, and asserted that they were obligated to maintain the confidentiality of these documents pursuant to the Superseding Protective Order. However, Plaintiffs challenged the appropriateness of Defendants' designations, arguing that the documents did not, in fact, contain confidential information, and indicated that if the Court granted the Motions to Seal, they would subsequently move to unseal the documents based on improper designations. Plaintiffs submitted over 266 pages of documents they contended were improperly designated, and requested the Court analyze the propriety of Defendants' designations. Since the filing of the

3

original motion to seal, five oppositions briefs and/or letters have been submitted to the Court, resulting in more than 111 pages of argument. (ECF Nos. 233, 254, 258, 262, 267, 269, and 280).

During an in person status conference held on June 20, 2013, the Magistrate Judge indicated that the District Court intended to appoint a special master to oversee the limited discovery that needs to be completed prior to Plaintiffs filing a motion for class certification. (Tr. Status Conf. 5:7-23, June 20, 2013, ECF No. 274). Pursuant to Fed. R. Civ. P. 53(b), which provides that "[b]efore appointing a master, the court must give the parties notice and an opportunity to be heard," the Court directed Defendants to submit their objection to the appointment of a special master in writing by July 3, 2013[3], and Plaintiffs to respond by July 17, 2013. (Text Order, ECF No. 272).

Defendants objected to the appointment of a special master, arguing that Fed. R. Civ. P. 53 "makes clear that appointment of a Special Master must be the 'exception and not the rule' and may occur only in 'limited circumstances.'" (Defs.' Letter Br. 2, ECF No. 275). They argued that there is no "clear need" to appoint a special master because (i) Plaintiffs have not shown diligence and the type of good cause necessary to modify the existing pre-trial scheduling order and to permit additional discovery, and, therefore, a special master cannot be justified; (ii) the Court already ruled on all necessary pre-trial discovery matters, including the discovery Plaintiffs claim is necessary for class certification, and, therefore, there are no discovery issues for a special master to address; (iii) since the Court already indicated that any additional discovery would be limited, there is no "clear need" for the appointment of a special master

---

[3] Defendants objected to the appointment of a special master on the record during the hearing on June 20, 2013. (Tr. Status Conf. 8:13-17, June 20, 2013, ECF No. 274).

because the Court is better positioned to rule on the contours of any discovery requests; and (v) appointment of a special master would cause unnecessary delay. (Id. at 2-6).

Plaintiffs countered that a special master is appropriate and necessary, and attributed the delay in obtaining discovery to Defendants' allegedly "dilatory conduct," which included Defendants' failure to meet and confer in good faith on Court ordered discovery and obstructionist litigation tactics. (Pls.' Letter Br. 2-4, ECF No. 277).

The Court reviewed in detail the papers submitted by the parties and finds that the appointment of a special master is appropriate pursuant to Fed. R. Civ. P. 53(a)(1)(C) to "address pretrial . . . matters that cannot be effectively and timely addressed" by the Court. Specifically, the special master shall (i) oversee the limited discovery the Court shall permit with respect to Plaintiffs' motion for class certification, as identified below, and (ii) make a recommendation as to the appropriateness of the confidential designations of documents that are disputed in the Motions to Seal (ECF Nos. 233, 267, and 280).

## II. APPOINTMENT OF A SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53(a)(1)(C)

Fed. R. Civ. P. 53 empowers the Court to appoint a master, specify the master's powers and provide for the master's compensation. Pursuant to the Rule, one of the reasons a court may appoint a master is to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district court." Fed. R. Civ. P. 53(a)(1)(C).

Although it is clear that the appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues, see Agostino v. Quest Diagnostics, Inc., CIV.A. 04-4362 SRC, 2012 WL 2344865, *1 (D.N.J. June 20, 2012) (citing La Buy v. Howes Leather Co., 352 U.S. 249, 259 (1957);

5

Prudential Ins. Co. of Am. v. U.S. Gypsum Co., 991 F.2d 1080, 1086–87 (3d Cir. 1993), utilization of a master is appropriate to "perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing." Id. (citing Prudential Ins. Co. of Am., 991 F.2d at 1087; Beazer East, Inc. v. Mead Corp., 412 F.3d 429, 441 (3d Cir. 2005)). Courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery. Grider v. Keystone Health Plan Cent., Inc., Civ. A. No. 2:01-cv-05641-JKG, (E.D. Pa. Aug. 25, 2005, ECF No. 373) ("Furthermore, it is the court's belief that the appointment of a discovery master, who will be in a position to promptly and informally consider the views of the parties . . . and attempt to mediate them, will be an invaluable aid to the overall case management of this matter."); see also Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 126 (3d Cir. 2009) (noting that following the appointment of a special discovery master to help move discovery along, who conducted weekly meetings and intensive monitoring, discovery began to run more smoothly). This Court has also appointed special masters to resolve disputes between the parties regarding the document designations. See Eisai Inc. v. Sanofi-Aventis U.S., LLC, CIV. A. 08-4168 MLC, 2012 WL 1299701, *11 (D.N.J. Apr. 16, 2012) ("In order to expedite the timely resolution of any existing or prospective disputes regarding the designation of discovery under the Confidentiality Order, the Court will appoint a Special Master.").

In the Court's view, the appointment of a special master is appropriate pursuant to Rule 53(a)(1)(C). First, with respect to discovery Plaintiffs' contend is necessary to the class certification motion, the Court notes that the Magistrate Judge issued at least two Orders, and conducted at least three conferences and/or hearings, on such discovery; yet, the discovery remains outstanding and/or continues to be hotly disputed. Even with the Court's involvement,

the rigor of the parties' dispute has prevented the exchange of discovery that was clearly ordered by the Court.[4] Second, the Motions to Seal seek relief beyond what their name suggests — the parties are using the Motions to Seal as a vehicle to challenge the propriety of the underlying document designations. The parties have already submitted over 266 pages of documents with respect to which they challenge the confidential designations. According to the parties' representations, over 70,000 pages of documents had already been produced in discovery as of November 2012, (Br. Supp. Mot. Compel 1, ECF No. 178), and the Court has no indication of how many documents have been designated as confidential by the parties. Thus, the potential scope of designation disputes is immense — particularly in light of the fact that the parties have yet to produce privilege logs (which, the Court notes, is another dispute between the parties).

It is apparent to the Court that without frequent and intense monitoring, this case will only further languish due to the parties' incessant disputes, to the detriment of all parties involved. The special master shall assist the Court with the discrete tasks of (i) overseeing the limited discovery the Court shall permit with respect to Plaintiffs' motion for class certification, as identified below, and (ii) make a recommendation as to the appropriateness of the confidential designations of documents that are disputed in the Motions to Seal. Assigning this limited role to the special master does not create a situation in which the Court would be essentially displaced

---

[4] For example, Plaintiffs argued that destructive testing on certain wheels is necessary to the class certification motion. The Court ordered that such discovery would be taken, and directed the parties to meet and confer to establish a joint "destructive testing protocol" that would govern the testing process. It appears that an initial draft of the protocol was prepared by Plaintiffs, but Defendants objected to the sufficiency of the protocol. (Tr. 5/17/2013 Hrg 38:4 – 42:4). Plaintiffs revised the protocol, and again forwarded it to Defendants for their review and approval; however, because Plaintiffs sent the revised version one day after the Court ordered the protocol to be completed, Defendants refused to consent to its entry and argued Plaintiffs failed to comply with this Court's Order. (Id.). Both the submission of a joint protocol and the destructive itself testing remain incomplete.

7

by the special master and, thus, does not implicate the concerns expressed by the Supreme Court in La Buy. See Agostino v. Quest Diagnostics, Inc., 2012 WL 2344865 at *3.

The Court has carefully considered Defendants' suggestions regarding the appointment of a special master, as well as Plaintiffs' responses thereto. After due consideration, the Court shall appoint the Honorable John J. Hughes (Ret.) as special master in this matter.

### III. SCOPE OF LIMITED DISCOVERY

The Court must next address the scope of the limited discovery that it shall permit and that shall be overseen by the special master.

As a primary matter, the parties dispute whether the Court or the special master should determine the scope of discovery needed in order for Plaintiffs to file the motion for class certification. Defendants argued that the Court must decide this issue. (Defs.' Letter Br. 6, ECF No. 275 ("The Court – not the Special Master – must determine the scope of remaining discovery . . .".). Plaintiffs, however, argued that "the primary purpose of appointing a special master is to determine what information Plaintiffs need for filing their class certification motion and how to go about getting this information[.]" (Pls. Letter Br. 5, ECF No. 277). The Court rejects Plaintiffs' argument. Plaintiffs already had seven opportunities to set forth precisely what discovery was necessary to their filing of the class certification motion, and the appointment of a special master is not yet another opportunity to do so – or to effectively result in a complete "re-do" of discovery. The Court reviewed the parties' submissions regarding what discovery is necessary, as well as its prior Orders on various motions to compel and other discovery disputes, and shall define the scope of limited discovery that shall be overseen by the special master as follows.

8

First, the special master shall oversee the acquisition, inspection and testing of dealership wheels by Plaintiffs. Plaintiffs indicated that they intended to conduct testing on "representative samples of different types of wheels, [which] will confirm the uniformity of the defect and demonstrate the soundness of Plaintiffs' experts' proposed methodology for establishing with common evidence the existence of a design defect." (Pls.' 5/22/2013 Letter 3, ECF No. 260). Plaintiffs indicated they sought access to wheels held at six dealerships, (id.), however encountered difficulties in purchasing or otherwise obtaining such wheels. It is the Court's understanding that the dealers have retained independent counsel, and have made various submissions with respect to Plaintiffs' acquiring the wheels they are holding. (Tr. 5/17/2013 43:2-15, ECF No. 259). The special master shall implement and oversee a protocol for (i) Plaintiffs' acquiring and/or otherwise obtaining the wheels from the dealers; and (ii) having the wheels tested by Plaintiffs' experts in a timely manner.

Second, the special master shall oversee the discovery of information contained in MBUSA's Market Research Aftersales ("MRA") database. The Court previously ordered the parties to meet and confer regarding the MRA database. It appears the parties did meet and confer, but failed to reach an agreement. (Defs.' Letter Br. 7, ECF No. 275; Pls.' Letter Br. 3, ECF No. 277). The special master shall implement and oversee a method for searching the MRA database, and the expenses associated with such discovery shall be borne by Plaintiffs.

Third, the special master shall oversee the taking of the following eight depositions: Frank Diertl, Alwin Grimme, Stefan Huth, Guenter Shatz, Drew Slavin, Eric Wendell, Noah Yanowitz and Rasheq Zarif. In a prior motion, Plaintiffs requested the Court compel MBUSA to provide documents from more than fifty newly identified custodians. (Letter Order 5, ECF No. 242). The Court Ordered MBUSA to produce documents from seven such custodians. (Id.).

9

During a hearing on May, 27, 2013, Plaintiffs indicated they needed to depose sixteen custodians prior to moving for class certification. (Tr. 5/17/2013 51:24-52:16, ECF No. 259). However, in their correspondence dated May 22, 2013, Plaintiffs reduced the number of depositions sought prior to class certification to eight, reserving their right to seek to depose other custodians after the class certification motion is decided. (Pls.' 5/22/2013 Letter 2, ECF No. 260). The Court shall permit the depositions of these custodians, and the special master shall oversee their completion.

Fourth, the special master shall review the Motions to Seal in which the parties challenged document designations made pursuant to the Superseding Protective Order. (ECF Nos. 233, 267, and 280). The special master shall review the Motions to Seal, the documents referenced therein, and the designations made by the parties and, thereafter, the special master shall provide a report to this Court with findings regarding the propriety of the designations and recommendations with respect to the Motions to Seal. The special master shall also oversee the parties' preparation and exchange of privilege logs in this matter.

## IV.   COST OF SPECIAL MASTER

Fed. R. Civ. P. 53(b) provides that the Court shall specify the basis for fixing the master's compensation under Rule 53(g). Rule 53(g)(2) authorizes the Court to order that the master's compensation be paid by the parties and gives the Court broad discretion in allocating payment among the parties. Agostino v. Quest Diagnostics, Inc., 2012 WL 2344865 at *4 (citation omitted). The Court shall Order that the costs of the special master be attributed to the parties as follows:

- With respect to the fees of the special master attributable to overseeing the acquisition, inspection and testing of dealership wheels by Plaintiffs, the special master shall make a recommendation to the Court as to which party shall pay his fees; and

- With respect to the fees of the special master attributable to overseeing the discovery of information contained in the MRA database, Plaintiffs shall be responsible for both the costs of this discovery and the fees of the special master; and

- With respect to the fees of the special master attributable to overseeing the taking of the following eight depositions: Frank Diertl, Alwin Grimme, Stefan Huth, Guenter Shatz, Drew Slavin, Eric Wendell, Noah Yanowitz and Rasheq Zarif, the parties shall be equally responsible for these fees and costs; and

- With respect to the fees of the special master attributable to the review of the Motions to Seal and associated documents, as well as the special master's report containing findings regarding the propriety of the designations and recommendations with respect to the Motions to Seal, the special master shall make a recommendation to the Court as to which party shall pay his fees; and

- With respect to the fees of the special master attributable to overseeing the parties' preparation and exchange of privilege logs, each party shall be responsible for the fees of the special master, if any, attributable to the preparation of their own privilege log. To the extent that challenges arise with respect to the appropriateness of a party's designation of a document as it appears on a privilege

log, the special master shall make a recommendation to the Court as to which party shall pay his fees.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

cc: Honorable. Joseph A. Dickson, U.S.M.J.