NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT LUPPINO, CLIFF STERN, JOHN CASIERO, and NOEL J. SPIEGEL, individually and on behalf of all others similarly situated, | : **Hon. Dennis M. Cavanaugh** <br> : <br> : **OPINION** <br> : <br> : Civil Action No. 09-CV-5582 (DMC) (JBC) |
| Plaintiffs, | : |
| v. | : |
| MERCEDES-BENZ USA, LLC and DAIMLER AG, | : |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon Omnibus Rule 12 Motion by Defendant

Daimler AG ("Daimler") and Defendant Mercedes-Benz USA, LLC ("MBUSA") (collectively,

"Defendants") to dismiss the Third Amended Complaint (the "TAC") filed by Plaintiffs Vincent

Luppino, Cliff Stern, John Casiero and Noel J. Spiegel (collectively, "Plaintiffs"), pursuant to

FED. R. CIV. P. 12(b)(6), and motion by Defendants to strike the class allegations pursuant to

FED. R. CIV. P. 23, (Feb. 22, 2013, ECF No. 223), and cross-motion by Defendants to strike the

declarations of Shelly L. Friedland and Kelly A. Noto submitted in opposition to Defendants'

Omnibus Rule 12 Motion to Dismiss (Mar. 25, 2013, ECF No. 240).  Pursuant to FED. R. CIV. P

78, no oral argument was heard.  After considering the submissions of all parties, it is the

decision of this Court, for the reasons herein expressed, that Defendants' Motion to Dismiss

Plaintiffs' Third Amended Complaint is **denied in part and granted in part;** Defendants'

1

Motion to Strike the Class Allegations is **denied**; and Defendants' Motion to Strike the Declarations of Shelly L. Friedland and Kelly A. Noto is **granted.**

## I. BACKGROUND

On November 2, 2009, Plaintiffs filed a class action suit against MBUSA in this Court pursuant to 28 U.S.C. § 1332 on the basis of diversity. (Compl. ECF No. 1). On March 14, 2012, Plaintiffs filed the Third Amended Complaint adding Daimler as a Defendant. (ECF No. 118). Plaintiffs filed the class action on behalf of all consumers who purchased or leased a Mercedez-Benz vehicle with 17-inch, 18-inch or 19-inch AMG or non-AMG wheels (the "Rims") from 2006 to the present. (TAC ¶ 1). Plaintiffs allege that Defendants designed, manufactured, distributed, advertised, marketed, promoted, warranted and sold the Rims without disclosing that they were defective and would fail (that is, bend, deform, dent, warp, or fracture) under normal driving conditions. (TAC ¶ 2). Plaintiffs also allege that Defendants have, as a matter of practice and policy, failed to honor the terms of the Warranty as it applies to the Rims, thereby forcing consumers to pay out-of-pocket to repair or replace defective Rims. (TAC ¶ 9). Specifically, the TAC asserts the following three causes of action against Defendants: (1) Breach of Express Warranty; (2) Breach of Written Warranty Pursuant to the Magnuson-Moss Warranty Act; and (3) Violation of the New Jersey Consumer Fraud Act (the "NJCFA").

This Court has already responded to two motions to dismiss filed by MBUSA. In an Opinion dated August 13, 2010, this Court dismissed Plaintiffs warranty claims without prejudice finding that they were not pled with the requisite specificity. Luppino v. Mercedes-Benz USA, LLC, Civ. No. 09-5582, 2010 U.S. Dist. LEXIS 83584 (D.N.J. Aug. 13, 2010). The Court also dismissed without prejudice Plaintiffs NJCFA claim based on affirmative misrepresentations for lack of specificity and upheld the NJCFA claim based on omissions. Id.

In an Opinion dated June 20, 2011, this Court dismissed the warranty claims as to Stern and Casiero for failure to provide notice to MBUSA.  <u>Luppino v. Mercedes-Benz USA, LLC</u>, Civ. No. 09-5582, 2011 U.S. Dist. LEXIS 65495 (D.N.J. Jun. 20, 2011).  The Court upheld Plaintiff's NJCFA claim based on affirmative misrepresentations and denied MBUSA's motion to dismiss Count III.  <u>Id.</u>  After MBUSA's two motions to dismiss, the only claims ultimately dismissed were the warranty claims of Stern and Casiero.

Defendants now move to dismiss Plaintiffs' claims for lack of standing.  Specifically, Defendants assert that Plaintiffs do not have the evidence to prove a causal connection between their alleged injuries and the purported defects at issue.  Defendants also move to dismiss all claims brought against Daimler.  According to Defendants, the claims against Daimler warrant dismissal because the TAC lacks any factual allegations that Daimler warranted the vehicles and fails to identify any representations, omissions or unlawful acts by Daimler.  In addition, Defendants assert that Plaintiffs' class allegations should be stricken because the putative class cannot meet the ascertainability or commonality requirements of Rule 23.  Finally, Defendants cross-move to dismiss certifications submitted by Plaintiffs in response to Defendants' motion to dismiss.  (ECF No. 240).

## II.  LEGAL STANDARD

### a.  Motion to Dismiss

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]."  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The complaint must 'show' an entitlement to relief with its facts. Steedley v. McBride, 446 F. App'x 425 (3d Cir. 2011) citing Fowler v. UPMC Shadyside, 578 F.3d 203, 2011 (3d Cir. 2009). Factual allegations contained in a certification offered in defense of a motion to dismiss will not be considered in determining the sufficiency of Plaintiff's complaint. See Solutions Partners, Inc. v.

4

Thomas, No. 09-cv-4778, 2010 WL 2036139, at *2, n. 3 (D.N.J. May 21, 2010).

### b. Motion to Strike Class Allegations

When evaluating a motion to strike allegations of a complaint, the court must accept as true all factual allegations in the complaint and view all reasonable inferences in the light most favorable to Plaintiffs, just as on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Smikle v. Coca-Cola Enterprises, Inc., Civ. 03-1431(RBK), Slip Op. 7, (D.N.J. May 17, 2004). "Generally courts do not consider whether a proposed class meets the Fed.R.Civ.P. 23 class requirements until after plaintiffs move for class certification."  6803 Blvd. E., LLC v. DIRECTV, Inc., No. 12-CV-2657 WHW, 2012 WL 3133680 (D.N.J. July 31, 2012).  However, a defendant may move to strike class action allegations prior to discovery in rare cases "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."  Landsman & Funk PC v. Skinder–Strauss Associates, 640 F.3d 72, 93 n. 30 (3d Cir. 2011).

In Korman v. The Walking Co., 503 F.Supp.2d 755, 762–63 (E.D.Pa.2007), the court held that a motion to strike class allegations is premature when a plaintiff has failed to file a motion for class certification.  The court reasoned that a motion to strike class allegations under Fed.R.Civ.P. 23 is, "for all practical purposes, identical to an opposition to a motion for class certification," and that "[i]t would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still ongoing."  Id. at 762.  See also Bell v. Money Resource Corp., No. 08–639, 2009 WL 382478, at *3 (E.D.Pa. Feb. 13, 2009) (denying a motion to dismiss class allegations because it found that defendant was using the motion to attack the merits of the class itself, which is improper before a motion for class certification has been filed); Rosenberg v. Avis Rent A Car Sys., Inc., No. 07–1110, 2007 WL 2213642, at *4

5

(E.D.Pa. July 31, 2007) (same); <u>Brothers v. Portage Nat'l Bank</u>, No. 06–94, 2007 WL 965835, at

*7 (W.D.Pa. Mar. 29, 2007) (same); <u>Padilla v. GMAC Mortg. Corp.</u>, 389 B.R. 409, 447–48

(Bankr.E.D.Pa.2008) (same).

### III.   DISCUSSION

#### a.  Standing

As dictated by Article III of the United States Constitution, a plaintiff must have standing

to bring a suit in federal court.  To establish standing, a plaintiff must show (1) injury in fact, (2)

causation, and (3) redressability.  <u>Horvath v. Keystone Health Plan E., Inc.</u>, 333 F.3d 450, 455

(3d. Cir. 2003); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).  "Injury in fact" is

"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual

or imminent, not conjectural or hypothetical."  <u>Lujan</u>, 504 U.S. at 560.  As the United States

Supreme Court explained further, a "particularized" injury is one that "affect[s] the plaintiff in a

personal and individual way."  <u>Id.</u> at 561 n.1.  As to the causation requirement, a plaintiff must

demonstrate a "causal connection between the injury and the conduct complained of."  <u>Id.</u> at 560.

This injury must be "fairly…trace[able] to the challenged action of the defendant."  <u>Id.</u> (quoting

<u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26, 41-42 (1976).

Defendants argue that Plaintiffs lack standing because they cannot prove their alleged

injuries were caused by the alleged defects at issue.  Specifically, Defendants assert that

Plaintiffs have no evidence showing their wheels were damaged as a result of the alleged defect

and not by some other cause.  Defendants point out that in reviewing a factual attack of a

plaintiff's standing pursuant to a challenge to a court's subject matter jurisdiction under Rule

12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims." <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, in a factual attack under Rule 12(b)(1), "the plaintiff will have the burden of proof that jurisdiction does in fact exist." <u>Id.</u>

Plaintiffs assert that the real argument Defendants are making is that Plaintiffs have not yet established proximate cause. As the Third Circuit has explained, the "fairly traceable" causation requirement for standing purposes "is not equivalent to a requirement of tort causation." <u>Pub. Interest Research Grp. of N.J., Inc. v. Powell Duffryn Terminals Inc.</u>, 913 F.2d 64, 72 (3d Cir. 1990). Moreover, where a motion to dismiss for lack of jurisdiction concerns the merits of the claim, the motion should be decided under Rule 12(b)(6) or Rule 56, applying the appropriate presumptions under those Rules, and not under Rule 12(b)(1). <u>See</u> <u>Nesbit v. Gears Unlimited, Inc.</u>, 347 F.3d 72, 76-77, 83-84 (3d Cir. 2003).

The Court finds that Defendants' motion to dismiss for lack of jurisdiction based on standing is more appropriately construed as an attack on Plaintiffs' ability to prove certain necessary elements of their claims. The Court will therefore decide the issue as a merits question under Rule 12(b)(6). Accepting as true all factual allegations in the complaint and drawing all inferences in the facts alleged in the light most favorable to Plaintiffs, the Court finds the TAC sufficiently pleads causation for both the warranty and NJCFA claims. As the Court has previously upheld Plaintiffs' warranty and NJCFA claims on the merits in response to MBUSA's prior motions to dismiss, the Court will not go into detail in this Opinion on the merits of those claims. (<u>See</u> ECF Nos. 30, 66).

Defendants also make the argument that Plaintiffs lack standing to assert economic loss claims because they are unable to prove "their vehicles did, in fact, diminish in value as a result of the alleged defective [vehicle parts]" <u>Chan v. Daimler AG, et al.</u>, 2012 U.S. Dist. LEXIS

161716 *23 (D.N.J. Nov. 9, 2012).  The Court finds that Defendants standing challenge as to economic loss is really a challenge to the merits of Plaintiffs' NJCFA claim, specifically as to whether or not Plaintiffs can show they suffered an "ascertainable loss."  "Under the [NJCFA], a plaintiff must demonstrate an 'ascertainable loss,' which is defined as 'a cognizable and calculable loss due to the alleged [NJCFA] violation.'"  Solo v. Bed Bath & Beyond, Inc., 2007 U.S. Dist. LEXIS 31088, *7-8 (D.N.J. April 26, 2007) (quoting Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 249 (2005)).  "Either out of pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle."  Thiedemann, 183 N.J. at 248.  Here, the Court finds that the allegations in the TAC that Plaintiffs had to pay for replacement wheels is sufficient to demonstrate out-of-pocket loss and consequently ascertainable loss for purposes of this motion to dismiss.  (TAC ¶¶ 68, 99, 126, 146, 147, 166).

Defendants assert that Plaintiffs' attempt to represent a class comprised of all owners and lessees of model year 2006 and later Mercedez-Benz vehicles equipped with any type of 17- to 19-inch AMG or non-AMG wheel, "coupled" with any type of tire is improper for standing purposes.  Defendants argue that since each Plaintiff only claims to have owned or leased a vehicle with one type of wheel/tire pairing, Plaintiffs therefore lack standing to pursue claims as to the innumerable other types of vehicle/wheel/tire pairings that they did not purchase themselves.  Plaintiffs respond that it would be premature for the Court to address this standing issue at the motion to dismiss stage and that instead it should be addressed subsequent to the determination of class certification.

The Court agrees with Plaintiffs that it would be premature to determine the standing issue at this time as to product combinations Plaintiffs did not purchase or lease themselves.  As the United States Supreme Court has recognized, there is clearly an inherent tension between the

8

issues of standing and adequate representation for class certification.  See Gratz v. Bollinger, 539
U.S. 244, 263 n. 15 (2003) ("Although we do not resolve here whether such an inquiry in this
case is appropriately addressed under the rubric of standing or adequacy, we note that there is a
tension in our prior cases in this regard.").  In Stewart v. Smart Balance, Inc., 2012 U.S. Dist.
LEXIS 138454 (D.N.J. June 26, 2012), the court addressed this tension.  This Court finds the
analysis and conclusion reached in Stewart to be persuasive.

      The plaintiffs in Stewart filed a putative class action against Smart Balance on consumer
fraud and breach of warranty grounds.  Id. at *2.  Smart Balance moved to dismiss those claims
related to Smart Balance products not actually purchased by the plaintiffs for lack of standing.
Id. at *5.  As noted by the court in Stewart, courts in this District have held that "standing cannot
be predicated on an injury which the plaintiff has not suffered, nor can it be acquired through the
back door of a class action."  Id. (citing In re Franklin Mut. Funds Litig., 338 F. Supp. 2d 451,
461 (D.N.J. 2005); See also Koronthaly v. L'Oreal USA, Inc., 2008 U.S. Dist. LEXIS 59024, at
*4 (D.N.J. July 29, 2008), aff'd, 374 F.App'x 257 (3d. Cir. 2010); Lieberson v. Johnson &
Johnson Consumer Litig., 865 F. Supp 2d 529 (D.N.J. 2011).  However, the Stewart court also
noted that "In the class action context…traditional notions of standing are not completely
informative of what claims may be asserted."  In re Franklin Mut., 388 F. Supp at 461-62.

      The defendants in Stewart, as Defendants here, pointed to a number of recent decisions in
this District dismissing claims in putative class actions where plaintiffs only alleged injury as to
one product in a series of products by the same defendant.  See, 865 F.Supp 529; Green v. Green
Mountain Coffee Roasters, Inc., 279 F.R.D. 275, 280 (D.N.J. 2011), Hemy v. Perdue Farms,
Inc., 2011 U.S. Dist. LEXIS 125301, *10-11 (D.N.J. Oct. 31, 2011).  After recognizing these
decisions, the Stewart court then went on to highlight decisions of the Third Circuit Court of

Appeals in which plaintiffs were allowed to represent a class suffering injuries distinct from their own as long as they resulted from the same policy or practice of the defendant. See Baby Neal for and by Kanter v. Casey, 43 F.3d 48, 58 (3d. Cir. 1994) ("where an action challenges a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries are shown to result from the practice."); Haas v. Pittsburgh Nat'l Bank, 526 F.2d 1083, 1088-89 (3d. Cir. 1975) (notwithstanding the fact that plaintiff lacked standing to pursue a particular claim, she could assert that claim in a putative class action where she did have standing to pursue two closely related claims against the same defendant.).

Ultimately, the court in Stewart determined that although the plaintiffs did not have standing to bring claims related to products they did not purchase themselves, dismissal was inappropriate at such an early stage in the litigation because whether or not those plaintiffs may represent a class of plaintiffs who do have standing was not yet before the court. See also Amchem Prods. v. Windsor, 521 U.S. 591, 612-13 (1997) (Since class certification issues are "logically antecedent to the existence of Article III issues, it is appropriate to reach the class action issues first."). This Court agrees and finds that dismissal of Plaintiffs' claims related to vehicle/wheel/tire combinations Plaintiffs did not purchase would be premature at this time. For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' claims for lack of standing is **denied.**

### b. Motion to Dismiss Claims against Daimler

Plaintiffs originally commenced this putative class action lawsuit against MBUSA, as the sole defendant, in November 2009. Then, in 2012, Plaintiffs added Daimler as a defendant to the TAC, incorporating the same allegations previously asserted against MBUSA. Defendants

argue that the TAC provides no allegations specific to Daimler and that therefore all claims against Daimler should be dismissed. Specifically, Defendants argue that Plaintiffs have not alleged valid warranty claims against Daimler because the warranty was issued by MBUSA, not Daimler. Defendants also assert that dismissal of the NJCFA claim against Daimler is warranted because the TAC does not provide any facts identifying misrepresentations, omissions or unlawful acts by Daimler.

The Court agrees with Defendants and finds that the warranty claims made against Daimler are based on conclusory and speculative allegations. Beyond the conclusory claim that Daimler "sets the warranty terms," Plaintiffs have failed to provide facts to support the allegation that Daimler warrants the vehicles. The language of the TAC itself even describes the warranty as obligating MBUSA, as opposed to Daimler or Defendants collectively. (See TAC ¶¶ 7, 59, 61). As the TAC lacks facts sufficient to support the warranty claims against Daimler, those claims must be dismissed without prejudice.

Plaintiffs' primary argument in response to Defendants' motion to dismiss the claims against Daimler is that Daimler is liable for both the breach of warranty and violation of the NJCFA as the alter ego of MBUSA. (Pls.' Opp'n Br. 19-20, 22-23). To prove that a parent company is the alter ego of a subsidiary, Plaintiffs must show (1) "the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent" and (2) "the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise to circumvent the law." State Dept. of Environmental Protection v. Ventron Corp., 94 N.J. 473 (1983). Plaintiffs only support for their alter ego argument is the General Distributor Agreement (the "GDA") between Daimler and MBUSA which allegedly demonstrates that Daimler sets the warranty terms, approves marketing plans and has general

11

control of other business aspects of MBUSA.  (Pls.' Opp'n Br. 19-20).  The Court agrees with

Defendants that although the GDA may show that Daimler has the right to control MBUSA, it

does not does not show that Daimler dominates MBUSA into non-existence.  The Court also

does not find it plausible, based on the facts alleged in the TAC, that Daimler is using MBUSA

to "perpetrate a fraud or injustice, or otherwise circumvent the law."  As such, the Court finds

that the TAC is factually insufficient to demonstrate that Daimler is the alter ego of MBUSA.

Since Plaintiffs claims against Daimler depend on Daimler's alter ego status, all claims against

Daimler are **dismissed without prejudice.**

### c.  Motion to Strike Class Allegations

Defendants argue that Plaintiffs' class allegations should be stricken because Plaintiffs

cannot satisfy the requirements of ascertainability and predominance.  Because Defendants'

motion to strike is premature, the merits of this argument will not be addressed at this stage of

the litigation.  Dismissal of class claims prior to discovery and a motion to certify the class by

plaintiff is the exception rather than the rule.  See Ehrhart v. Synthes (USA), No. 07-01237, 2007

U.S. Dist. LEXIS 94760, *7-9 (D.N.J. Dec. 21, 2007) (motion to strike highly disfavored and

dismissal of class allegations should be done rarely); Gutierrez v. Johnson & Johnson, Inc., No.

01-5302, 2002 U.S. Dist. LEXIS 15418, *16 (D.N.J. 2002) (citing Abdallah v. Coco-Cola Co.,

1999 U.S. Dist LEXIS 23211 (D.Ga. July 16, 1999) (dismissal of class allegations at this stage

should be done rarely; the better course is to deny the motion because "the shape and form of a

class action evolves only through the process of discovery.").  In Andrews v. Home Depot

U.S.A. Inc., this Court found the dismissal of class action allegations to be premature at the

motion to dismiss stage.  Civ. A. 03CV5200, 2005 WL 1490474, at *3 (D.N.J. June, 23, 2005).

As in Andrews, the Court finds that dismissal of Plaintiffs' class action allegations at this stage

of the litigation would be premature and is not appropriate. The Court will not consider whether a proposed class meets the class requirements until after Plaintiffs move for class certification. Defendants' Motion to Strike Plaintiffs' class allegations is therefore **denied.**

### d. Cross-Motion to Strike Certifications

Defendants filed a cross-motion to strike (ECF No. 240) the Declaration of Shelly F. Friedland (the "Friedland Declaration") (ECF No. 232-1) and Exhibits to the Declaration of Kelly A. Noto (the "Noto Declaration") (ECF No. 232-2). As expressed above, "to decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp., 998 F.2d at 1196. As such, the Court did not consider either the Friedland Declaration or the Noto Declaration in the present Opinion with respect to Defendants' 12(b)(6) motion. As the Declarations at issue are immaterial to the present motion to dismiss, the Court **grants** Defendants' cross-motion to strike the Friedland Declaration and the Noto Declaration.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **denied in part** and **granted in part.** With respect to Daimler, all claims are **dismissed without prejudice**. Defendants' Motion to Strike Plaintiffs' Class Allegations is **denied.** Defendants' cross-motion to strike certifications is **granted.** Plaintiffs are granted leave to amend their complaint. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:          November 8, 2013
Original:       Clerk's Office
cc:            Hon. James B. Clark, U.S.M.J.
               All Counsel of Record
               File

13