**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VINCENT LUPPINO, CLIFF STERN, and NOEL SPIEGEL, individually and on behalf of all others similarly situated,** | Civil Action No.: 09-cv-5582 (JLL-JAD) |
|       **Plaintiffs,** | |
| **v.** | |
| **MERCEDES-BENZ USA, LLC.,** | **OPINION** |
|       **Defendant.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

     This matter comes before the Court upon motion by plaintiffs Vincent Luppino, Cliff Stern and Noel Spiegel, individually and on behalf of all others similarly situated, (collectively "Plaintiffs"), for leave to file their sixth amended complaint pursuant to Fed. R. Civ. P. 15(a) (the "Motion to Amend") and add an implied breach of merchantability claim. (Prop. Amend. Compl., ECF No. 328-2, ¶¶ 191-200).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard.  Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' Motion to Amend is **GRANTED**.

## I.   **BACKGROUND**

Plaintiffs, Vincent Luppino, Cliff Stern and John Casiero filed a Complaint against Defendant Mercedes-Benz USA LLC ("MBUSA") on November 2, 2009, alleging violations of the New Jersey Consumer Fraud Act ("CFA"),[1] Breach of Express Warranty and Breach of Written Warranty pursuant to the Magnuson-Moss Warranty Act.[2]   (Compl., ECF No. 1, at 23-26).   On January 27, 2010, Plaintiffs filed an Amended Complaint as a matter of right,[3] supplementing their allegations with more specific facts.   (Am. Compl., ECF No. 16).   Defendant MBUSA filed a motion to dismiss on February 16, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(5) (hereinafter "First Motion to Dismiss").   (ECF No. 17).   The Honorable Dennis M. Cavanaugh, U.S.D.J., granted the First Motion to Dismiss in part on August 13, 2010, and dismissed without prejudice, the warranty counts (Counts I and II) and the "affirmative misrepresentations" component  of the CFA count (Count III) of the Amended Complaint.   (ECF Nos. 30 and 31).   However, Plaintiffs were given leave to amend their pleadings to cure the defects found by the Court.   (ECF No. 31).

Accordingly, Plaintiffs filed the Second Amended Class Action Complaint on September 24, 2010.   (Second Am. Compl., ECF No. 37).   Defendant responded, on October 26, 2010, by filing its Answer and a motion to dismiss (hereinafter "Second Motion to Dismiss") the warranty counts and one portion of the CFA count plead by Plaintiffs Cliff Stern ("Stern") and John Casiero ("Casiero").   (See ECF Nos. 40 and 41).   Judge Cavanaugh granted the Second Motion to Dismiss in part by dismissing the warranty counts plead by Plaintiffs, Stern and Casiero (Counts I and II)

---

[1] N.J. Stat. Ann. § 56:8-1 et seq.
[2] 15 U.S.C.A. § 2301 et seq.
[3] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs' Amended Complaint was filed 21 days after service of Defendant's 12(b) and 12(e) motion.  (ECF No. 13).

and denied the motion in part by allowing the CFA count to go forward. (See ECF Nos. 66 and 67).

On January 31, 2011, this Court entered a Pre-Trial Scheduling Order, which provided that fact discovery would remain open until December 20, 2011 and the last day for filing motions to add parties or amend the pleadings would be September 30, 2011. (ECF No. 50). The Pre-Trial Scheduling Order was further amended on May 11, 2011, which set December 2, 2011[4] as the new date by which the parties may move to amend the Complaint and add parties. (ECF No. 65).

On the eve of the deadline for filing motions to add parties or amend the pleadings – December 2, 2011 – Plaintiffs attempted to file a Third Amended Complaint without first seeking leave to amend. (ECF No. 95). This Court struck the improperly filed Third Amended Complaint and gave Plaintiffs until December 9, 2011 to file a motion for leave to amend. (See ECF No. 99). Plaintiffs sought to add Daimler AG ("Daimler") as a Defendant and Noel J. Spiegel ("Spiegel") as a Plaintiff to this action and sought to supplement the Complaint with additional facts, consisting of consumer complaints filed with the National Highway Transportation Safety Administration ("NHTSA") and online consumer complaints. (ECF No. 117). This Court thereafter granted Plaintiffs' motion for leave to file a Third Amended Complaint and Plaintiffs filed their Third Amended Complaint on March 14, 2012. (Third Am. Compl., ECF No. 118).

Defendants Daimler and MBUSA filed an omnibus motion to dismiss (hereinafter "Third Motion to Dismiss") the Third Amended Complaint on February 22, 2013. (ECF No. 223). Judge Cavanaugh, in a November 12, 2013 Opinion, granted the Third Motion to Dismiss in part by dismissing Plaintiffs' claims against Daimler, granting Plaintiffs leave to amend the Third Amended Complaint, and denied the motion in part by refusing to dismiss Plaintiffs' claim for

---

[4] The Order states in relevant part that "any motion to amend pleadings and/or add new parties must be filed no later than December 2, 2011." (ECF No. 65).

lack of standing. (ECF Nos. 295 and 296). Plaintiffs subsequently filed a Fourth Amended Complaint, on December 9, 2013, adding new claims – including one for the breach of the implied warranty of merchantability – against Daimler and additional facts regarding Daimler and MBUSA. (Fourth Am. Compl., ECF No. 297). The parties then agreed to dismiss with prejudice all claims against Daimler. (ECF No. 317).

The Pre-Trial Scheduling Order was again amended on March 12, 2014 to provide that fact discovery had ended and any remaining limited discovery would be completed in accordance with the appointed Special Master. (ECF No. 321). On March 17, 2014, the Honorable Jose L. Linares, U.S.D.J., ordered that Plaintiffs file a Fifth Amended Complaint that omits all claims against Daimler. (ECF No. 323). Judge Linares' Order also provided that "to the extent Plaintiffs wish to assert any new causes of action not previously set forth in the Third Amended Complaint, Plaintiffs shall file a formal motion to amend pursuant to Federal Rule of Civil Procedure 15(a)." (Id.). Plaintiffs filed their Fifth Amended Complaint on April 21, 2014, concurrently with the instant Motion to Amend.

This Motion to Amend, filed on April 21, 2014, seeks to amend the Fifth Amended Complaint by adding a single count alleging that MBUSA breached the implied warranty of merchantability.[5] (Prop. Amend. Compl., ECF No. 328-2, ¶¶ 191-200). In support, Plaintiffs note that this amendment "does not inject any new factual allegations or substantially changed legal theories into the case" and that no additional discovery would be required. (Pl. Br., ECF No. 328-1, at 11, 12). Plaintiffs further claim that "the importance of adding [this] claim" only crystallized recently when they received and inspected a large supply of wheels from New Jersey dealerships.[6]

---

[5] N.J. Stat. Ann. § 12a:2-314, et seq.
[6] This argument was made in response to Defendant's argument that Plaintiff must meet the good cause standard of Fed. R. Civ. P. 16 and cannot. Plaintiffs' Reply Brief asserted that new discovery consisting of recent examination of

(Pl. Reply Br., ECF 335, at 6).  Defendant opposes Plaintiffs' Motion on the grounds that Plaintiffs

fail to comply with the requisite "good cause" standard under Federal Rule of Civil Procedure 16

and that even if the Court reaches a Rule 15 analysis, Plaintiffs' Motion to Amend should be denied

due to prejudicial delay, futility and undue delay in the proceedings.  (Def. Br., ECF No. 334, at

10-22).


## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 governs motions to amend or supplement proceedings.

Rule 15(a) provides that after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's
> written consent or the courts leave.  The court should freely give
> leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

The grant or denial of leave to amend under Rule 15(a) is a matter "committed to the sound

discretion of the district court."  Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir.

1993).  The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule

15 to ensure that "a particular claim will be decided on the merits rather than on technicalities."

Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).  The burden

is generally on the party opposing the amendment to demonstrate why the amendment should not

be permitted.  Foman v. Davis, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue

prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment.

---

wheels by Plaintiffs' Expert, has generated the newly proposed breach of implied merchantability claim. (Reply, ECF No. 335 at 4-5).

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). A proposed amendment may also be denied based on futility if it "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d at 115.  Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## III.    DISCUSSION

The first question to be answered is whether the good cause standard under Rule 16 is applicable as Defendant argues.  It certainly would have been had Judge Linares not granted Plaintiffs an additional opportunity to file a motion to amend. (See ECF No. 323). In exercising inherent authority to control his docket, Judge Linares offered Plaintiffs' the chance to file a motion and assert new claims against MBUSA, while ensuring that previously barred claims were not in the pleadings. (See id.) As stated, Judge Linares permitted Plaintiffs to file this motion "pursuant to Federal Rule of Civil Procedure 15(a)." (ECF No. 323). In short, Judge Linares amended the (often amended) scheduling order to provide more time for a motion to amend. Plaintiffs exercised their rights under Judge Linares' Order on April 21, 2014, thirty-five days later. (See ECF No. 328). The motion cannot therefore be seriously considered untimely and a Rule 16 analysis is not necessary.[7] Thus, the Court applies a Rule 15 analysis and will deny leave to amend only where it finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

### i. Fed. R. Civ. P. 15: Undue Delay and Undue Prejudice

---

[7] The Court will therefore not address Plaintiffs' assertion that new discovery consisting of recent examination of wheels by Plaintiffs' Expert has generated the newly proposed breach of implied merchantability claim. (Reply, ECF No. 335 at 4-5).

The issues of undue delay and undue prejudice overlap somewhat, as delay generally cannot be undue unless it has caused some prejudice to the non-moving party. See, e.g., Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.1984). The analyses, however, are distinct, as "[t]he question of undue delay ... requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; [while] the issue of prejudice requires that we focus on the effect on the defendants." Id.  In evaluating motions to amend, the Third Circuit has applied the following standard: "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)(internal citations and quotations omitted).  While Plaintiffs were certainly delayed in adding the claim at issue here, Defendant fails to demonstrate how granting Plaintiffs' Proposed Amended Complaint is unduly delayed and thus prejudicial under Rule 15(a).

Defendant argues that Plaintiffs wasted previous opportunities to amend the complaint and that waiting "until the eve of their class certification deadline" qualifies as undue delay under Rule 15.  (Def. Br., ECF No. 334, at 18-19).  The Court finds Defendant's argument ultimately unpersuasive. Although Defendant argues that the passage of two years justifies a finding of undue delay, it fails to point to any resulting prejudicial burden.[8]  Defendant asserts that a Court should deny "a motion for leave to amend as undue when the movant knew of an available theory, but waited over two years to seek leave to assert that theory." (Def. Br., ECF No. 334, at 18).  This

---

[8] Defendant argues that proceedings would be further delayed if Plaintiffs' motion is granted because Defendant would be "forced to file an eighth motion to dismiss." (Def. Br., ECF No. 334 at 17).  Defendant's decision to move to dismiss should not be considered as either Plaintiffs' delay or prejudice to Defendant.  It is merely the exercise of a right provided by the Federal Rules of Civil Procedure.

Court agrees that Plaintiff could have asserted this theory against the Defendant at an earlier stage in the litigation; however, despite this head-scratching delay, there is no prejudice to the Defendant and no real burden on the Court.

It is well established that "[P]rejudice to the non-moving party is the touchstone for denial of an amendment." United States Fire Insurance Co. v. Kelman Bottles, No. 12-2270, 2013 WL 5303261, at *8 (3d Cir. Sept. 23, 2013) (internal citations and quotations omitted). The Court is mindful that "[F]rustrated expectations [do not] constitute undue prejudice sufficient to overcome the Rule 15(a) right to amend a pleading." See Long v. Wilson, 393 F. 3d 390, 400 (3d Cir. 2004) (internal citations and quotations omitted). In determining what constitutes unfair prejudice, courts consider whether allowing the amended pleading would (1) require the non-moving party to expend significant resources to conduct discovery and prepare for trial, (2) significantly delay resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. Id. (internal citations omitted).[9] Moreover, the district court has held that where "the proposed amended complaint contains substantially the same allegations as the original [c]omplaint. . . the amendment will not further delay resolution of th[e] case." Decosta v. English, No. 11-2651 MAH, 2012 WL 528760, at *12 (D.N.J. Feb. 16, 2012). Further, as discussed, Plaintiffs represent that "no additional discovery would be required from either side," (Pl. Br, ECF No. 328-1, at 12), and in the absence of extensive additional discovery, this delay is in no way unduly prejudice.

Generally, courts have not found unfair prejudice when a party moves to amend while discovery is still open. See, e.g., Transweb v. 3M Innovative Properties Co., et al., No. 10-4413 (FSH), 2011 WL 2181189, at *9 (D.N.J. June 1, 2011) (finding no unfair prejudice where

---

[9] The third factor is inapplicable to this analysis.

schedule would not be impacted and several months of fact discovery remained); <u>Leibholz v.
Hariri and Celgene Corp.</u>, No. 05-5148 (DRD), 2007 WL 2177386, at *6 (D.N.J. July 27, 2007)
(granting amendment where discovery was still open and final pretrial conference had not been
set, among other factors). Thus, in contrast, "[i]f the proposed amendment requires the reopening
of discovery, the prejudice to the non-moving party will be considered greater than if the proposed
amendment presents only a new issue of law." <u>Voilas</u>, 173 F.R.D. at 396 (internal citations and
quotations omitted). Here, Plaintiff has represented to the Court that no additional discovery will
be needed to add this claim for implied breach of merchantability and thus no prejudice will
result.[10]

### ii. Futility

Defendant asserts that Plaintiffs' motion for leave to amend is futile and should be denied
for failure to state a plausible claim for breach of the implied warranty of merchantability. (Def.
Br., ECF No. 334, at 20). Defendant contends that because "the vehicles at issue served their
ordinary purpose, i.e., transportation," Plaintiffs' claim for breach of the implied warranty of
merchantability fails under a futility analysis. (Def. Br., ECF No. 334, at 21). An implied
warranty of merchantability is implied in a contract for sale and warrants that the goods "are fit
for the ordinary purposes for which such goods are used." N.J. Stat. Ann. § 12a:2-314 <u>et seq.</u> New
Jersey Courts have held that "[i]n the context of a car, this warranty is satisfied when the vehicle
provides <u>safe and reliable</u> transportation." <u>Greene v. BMW of N. Am.</u>, No. 11-04220, 2012 WL
5986457, at *2 (quoting <u>Green v. G.M.C.</u>, No. A-2831-01T-5, 2003 WL 21730592 (N.J. Super.
Ct. App. Div. July 10, 2003) (emphasis added)). It is important to note that a vehicle's ordinary
purpose is not merely "transportation" but "safe and reliable transportation." Assuming that

---

[10] The Court notes that should Plaintiffs request additional discovery on this theory, their request will be denied.

Plaintiffs' allegations of wheel failure under normal driving conditions are true, (Prop. Amend. Compl., ECF No. 328-2, ¶ 2), the issue whether this (potential) finding supports a theory of breach of implied warranty of merchantability is better left after a full explanation of the arguments.


IV.    **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for leave to file an Amended Complaint, (ECF No. 328), is **GRANTED**.


Joseph A. Dickson, U.S.M.J.

cc:    Hon. Jose L. Linares, U.S.D.J.