NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT LUPPINO, CLIFF STERN and NOEL J. SPIEGEL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDEZ-BENZ, USA, LLC,<br><br>Defendant. | Civil Action No.: 09-5582 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of a Motion for Summary Judgment filed by Defendant Mercedes-Benz, USA, LLC ("MBUSA") (ECF No. 463) and a Motion for Partial Summary Judgement filed by Plaintiffs Vincent Luppino, Cliff Stern and Noel Spiegel (ECF No. 469).[1] Each party has filed briefs in opposition to the pending Motions, and have filed replies to same. The Court has reviewed all papers filed in support of and in opposition to the pending Motions, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court grants MBUSA's Motion for Summary Judgment and denies Plaintiffs' Partial Motion for Summary Judgment.

I.   **BACKGROUND**

---

[1] MBUSA also filed a motion to strike Plaintiffs' Counterstatement of Material Facts submitted in opposition to MBUSA's Motion for Summary Judgment. (ECF No. 479). Plaintiffs opposed that Motion (ECF No. 498), and MBUSA replied to same (ECF No. 504). Having reviewed Plaintiffs' Counterstatement of Material Facts (ECF No. 467 at 16-33), the Court finds that same does not change this Court's ruling on the underlying Motion for Summary Judgement, as it does not suggest that Plaintiffs have the necessary expert testimony required to prove their claims. Accordingly, the Court denies Defendant's Motion to Strike (ECF No. 479) as moot.

1

Plaintiffs Vincent Luppino, Cliff Stern, and Noel J. Spiegel are New Jersey residents who purchased or leased at least one of MBUSA's passenger-vehicles from the years 2006 through the present. (ECF No. 342, Corrected Sixth Amended Complaint, "SAC" at 33-49). Defendant MBUSA is a luxury car distributor responsible for marketing and distributing vehicles manufactured by the Daimler Group ("Daimler").

Plaintiffs allege that Rims on their MBUSA vehicles "were defective, as they would fail (that is, bend, deform, dent warp, crack or fracture) under normal driving conditions." (SAC ¶ 2). For example, Mr. Luppino alleges that the Rims on his leased 2007 Mercedes-Benz CLS 63 AMG "failed ten times while he was operating the Vehicle under normal, on-road driving conditions." (*Id.* ¶ 20). Similarly, Mr. Stern alleges that the Rims of his two MBUSA vehicles failed within the warranty period, and Mr. Spiegel similarly alleges that the Rims on a leased 2009 Mercedes-Benz SL 550R "failed numerous time while he was operating the Vehicle under normal, on-road driving conditions." (*Id.* ¶ 23).

According to Plaintiffs, MBUSA publicly disseminated false and misleading information as to the quality and durability of the Rims and that MBUSA failed to disclose the alleged defect to consumers. (*Id.* ¶¶ 3-4). Moreover, Plaintiffs allege that MBUSA wrongfully failed to honor their warranties, which forced Plaintiffs "to pay out-of-pocket to repair or replace defective Rims that have failed under normal driving conditions." (*Id.* ¶ 10).

Against this backdrop, Plaintiffs Luppino and Spiegel assert claims of breach of express warranty and a violation of the Magnuson-Moss Warranty Act, and all Plaintiffs assert a breach of the New Jersey Consumer Fraud Act ("NJCFA"). (*Id.* at 51-54).

On December 22, 2015, this Court issued an Opinion and Order denying Plaintiffs' motion for class certification with respect to the issue of the existence of a uniform design defect pursuant

to Federal Rules of Civil Procedure 23(b)(3) and (c)(4). (ECF Nos. 451 "Class Cert. Op." at 452). Specifically, and as explained in more detail below, the Court found that Plaintiffs could not satisfy, *inter alia*, the predominance requirement of Federal Rule of Civil Procedure 23(b)(3) because they were unable to present common evidence of a design defect on which each of their claims necessarily rise and fall. Plaintiffs filed a Rule 23(f) petition before the Third Circuit, which the Circuit denied on March 7, 2016.

On March 31, 2016, MBUSA filed the pending Motion for Summary Judgment (ECF No. 463,"Def.'s Mov. Br."), and on April 18, 2016 Plaintiffs simultaneously opposed that Motion (ECF No. 465, "Pls.' Opp. Br.") and filed a Cross Motion for Partial Summary Judgment (ECF No. 469; ECF No. 470, "Pls.' Mov. Br."), seeking judgment only with respect to their express warranty claims. MBUSA opposed Plaintiffs' Motion and filed a reply brief in further support of its Motion on May 23, 2016 (ECF No. 484, "Def.'s Opp. Br."; ECF No. 480, "Def.'s Reply Br."). Plaintiffs filed their reply on June 28, 2016. (ECF No. 494, "Pls.' Reply Br."). This matter is now ripe for the Court's adjudication.

## II.  LEGAL STANDARD

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). Moreover, "[i]n determining the appropriateness of summary judgment, the court should not consider the record solely in piecemeal fashion, giving credence to innocent explanations for individual strands of evidence, for a jury . . . would be entitled to view the evidence as a whole." *Abramson v. William Patterson College of New Jersey*, 260 F.3d 265, 285 (3d Cir. 2001) (quoting entirely *Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir. 2000)). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 249 ("[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

## III. DISCUSSION

### A. MBUSA's Motion for Summary Judgment

Relying upon this Court's Class Certification Opinion, MBUSA now argues that Plaintiffs Spiegel and Luppino's claims cannot survive "because the allegedly 'defective' wheels on their vehicles—as well as the 'systems' of which they were part—were irretrievably discarded years ago and were never subjected to expert testing or analysis" and that they therefore cannot prove causation. (Def.'s Mov. Br. at 10).[2] Alternatively, MBUSA argues that each Plaintiffs' claims fail as a matter of law. (*Id.* at 12-26). Because, for the reasons discussed below, the Court agrees

---

[2] It is unclear whether MBUSA purports to assert this argument against Plaintiff Stern as well. *Compare* Def.'s Mov. Br. at 1 ("Plaintiffs' claims all require proof that their [MBUSA] vehicles suffered from a 'design defect' that caused their wheels to prematurely fail under 'normal driving conditions' . . . .") *with id.* ("Accordingly, Spiegel and Luppino cannot prove what caused their wheels to fail, which is fatal to all their claims."). In any event, and as discussed in more detail herein, because Plaintiffs have not offered expert testimony in support of any of the named Plaintiffs, a grant of summary judgment in Defendant's favor as to Stern's claims are likewise warranted.

4

with Defendant that Plaintiffs cannot prove the existence of the design defect that underlies their claims, the Court need not address Defendant's alternative argument.

### i. Whether Plaintiffs Can Prove the Existence of a Design Defect

The parties dispute whether Plaintiffs can defeat summary judgment without offering expert testimony to support their design defect theory. Third Circuit precedent holds that "expert evidence is generally required in a products liability case where a defect is alleged . . . ." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000); *see also McCracken v. Ford Motor Co.*, 392 Fed. App'x 1, 2010 WL 3010304, *1 (3d Cir. 2010) (agreeing with "the District Court's conclusion that [plaintiff] was required to support his claims of strict products liability and defective design with expert testimony"). To that end, at the Class Certification Stage, this Court carefully reviewed and discussed the testimony and reports of the Parties' competing experts concerning the ability to prove a design defect.

After a thorough analysis, the Court concluded that "[a]ll experts agree that the alleged defect implicates more than the particular Wheels at issue; indeed, the defect implicates various components of the vehicle's 'systems.'" (Class Cert. Op. at 27). Despite this acknowledgment by Plaintiffs' experts that the existence of a "design defect" implicates more than just the damaged Wheels, the Court noted that

> the opinions of Plaintiffs' experts are based strictly on a review of the discarded Wheels, without any information as to the systems on which each Wheel was placed. Specifically, Plaintiffs' experts had no knowledge of such factors as the vehicle the wheels were attached to, the mileage placed on the wheels, the road conditions on which the vehicles were driven, whether the vehicles were damaged in an accident, the average load placed on the vehicles, the tire attached to the wheels, the vehicles' suspensions, any accident history, or, perhaps most significantly, why the wheels were discarded.

(*Id.* at 28).

In short, this Court found that "in order to present evidence of a uniform defect, Plaintiffs' experts would have had to have considered the impact that the numerous systems' variables would have had on the existence of a defect." (*Id.*). Ultimately, this Court found that, notwithstanding their documentary evidence, Plaintiffs would not be able to offer the common evidence necessary to prove the existence of a design defect where "the record in this case, involving the reports and deposition testimony of numerous experts at the top of their respective fields, indicates that the issue of the design defect is extremely complicated." (*Id.* at 32). In short, the Court determined that Plaintiffs could not prove a design defect without offering substantiating expert testimony that is supported by a review of the entire system on which the allegedly damaged Wheels were placed.

MBUSA maintains that "it is undisputed the failed wheels on Spiegel's and Luppino's vehicles were never inspected, and no expert analysis regarding what caused those wheels to fail—or even whether they exhibited 'radial cracking'—was ever made." (Def.'s Mov. Br. at 5). According to Defendant, neither of these Plaintiffs have retained their allegedly defective Wheels or the vehicles or tires on which those Wheels were attached. (*Id.*). Thus, MBUSA contends that "it is now impossible for such inspection and analysis to be performed." (*Id.*). In light of the Court's earlier findings with respect to the need for credible experts to testify as to the causation issue (*see* Class Cert. Op. at 27-28), MBUSA maintains that Spiegel and Luppino's lack of expert testimony with respect to their specific vehicles warrants a finding that they cannot prove causation.

In opposition, Plaintiffs first note that contrary to Defendant's representations that neither Spiegel nor Luppino have retained their Wheels or vehicles, Plaintiffs counsel is in fact in possession of two of Luppino's wheels, and that these wheels were subject to metallurgical testing. (Pls.' Opp. Br. at 15). Additionally, Plaintiffs argue that although they do not still have the

particular vehicles to which Spiegel and Luppino's Wheels were attached, they have produced evidence, in the form of the vehicle's "sticker" in Spiegel's case and in the form of deposition testimony in Luppino's case, from which the particular aspects of the systems can be ascertained. (*Id.* at 17-18). Additionally, Plaintiffs cite to documentary evidence in support of their argument that they can prove a design defect even without the benefit of expert testimony. (*Id.* at 2-5).

Yet, despite the fact that Plaintiffs have retained two of Luppino's Wheels, and despite the fact that it might be possible to know some of the specifications of the vehicles to which Luppino's Wheels were placed, Plaintiffs have not offered any new expert evidence not previously reviewed by this Court that can support their allegations of design defect. Rather, referring to the documentary evidence reviewed by this Court at the summary judgment stage, Plaintiffs contend that they do not need to offer expert testimony in order to defeat Defendant's Motions for Summary Judgment. (Pls.' Opp. Br. at 15). In support of this position, Plaintiffs principally rely on *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412 (3d Cir. 1999). There, a plaintiff brought a products liability action against the manufacturer of a chicken drum and thigh cutter machine after "the high-powered hose [he] was using to clean the machine became entangled in the overhead conveyor and drew his left forearm into the unguarded edge of the rotating blade," causing plaintiff injury. *Id.* at 414. After excluding plaintiff's expert testimony under *Daubert*, the District Court granted summary judgment in defendant's favor, stating, "without explanation, that '[t]his case presents complex and technical questions of product design and causation'" which the plaintiff could not prove without an expert. *Id.* at 416 (alterations in original).

> On appeal, the Third Circuit reiterated the familiar principle that
>
> > expert evidence is not necessary . . . "if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions

> from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation."

*Id.* at 415-416 (quoting *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962)). The Third Circuit explained that the District Court summarily stated that "this case presents complex and technical questions of product design and causation," and ultimately reversed the District Court's grant of summary judgment, "hold[ing] *only that on the record before us*, we cannot exclude the possibility that plaintiff's non-expert evidence will be sufficient to submit his claim of defect to the jury." *Id.* at 416 (emphasis added).

The present case is distinguishable from *Padillas* in several regards. First, unlike the District Court in *Padillas* that, "without explanation," determined that the existence of a defect in the suspect machine necessarily required input from an expert, as set forth in the Class Certification Opinion, this Court conducted a thorough review of detailed expert reports and deposition testimony before issuing its finding that the cause of any Wheel damage is a complex one that necessarily requires analysis of the vehicle's systems, among other variables. Given the complexity of the design defect analysis, this is not the type of case where "men [and women] of common understanding[ ] are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect to the subject under investigation." *Salem*, 370 U.S. at 35. In other words, the Plaintiffs' MBUSA vehicles are "not at all like the chicken cutter with exposed blades in *Padillas*. A whirling cutting blade without a proper guard is obviously dangerous." *Oddi*, 234 F.3d at 159. A cracked Wheel it not so "obviously" the function of a motor vehicle with a design defect.

Additionally, under Pennsylvania products liability law which governed the plaintiff's claims in *Padillas*, a "jury may find a defect where the product left the supplier's control lacking

8

any element necessary to make it safe for its intended use or possessing any feature that renders it unsafe for the intended use." *Padillas*, 186 F.3d at 414 (quotations omitted). "Thus, the burden on [the plaintiff in that case] in opposing [the defendant's] motion was to come forward with evidence from which the jury could find that the machine lacked an element necessary to make it safe or possessed an element that made it unsafe for its intended use." *Id.* at 414-415. In contrast, Plaintiffs in this case have an arguably higher standard in proving that a design defect (as opposed to the absence of a necessary safety mechanism) caused damage to their Wheels. As discussed above, Plaintiffs would need to offer expert testimony to support their theory of a design defect.

For the above reasons, this Court is not persuaded that *Padillas* compels a ruling by this Court, in the absence of reliable expert testimony, permitting Plaintiffs' claims to survive the summary judgment stage and proceed to the jury. The remaining cases cited by Plaintiffs in support of their position that they are not required to provide expert testimony merely stand for the general proposition that in some cases, a plaintiff may be able to prove a product defect without expert testimony. *See Barris v. Bob's Drag Chutes & Safety Equipment, Inc.*, 685 F.2d 94, 101 (3d Cir. 1982); *Caraballo v. Modell's Inc.*, No. 09-cv-4939, 2011 WL 1098999, at *2 (D.N.J. Mar. 21, 2011) (Linares, J.).[3] This Court's findings do not part ways from these settled principles; rather, they are consistent with Third Circuit precedent that "expert evidence is generally required in a products liability case where a defect is alleged." *Oddi*, 234 F.3d at 159.

In summary, the Court holds that on the record before it, Plaintiffs cannot prove the existence of a design defect in their MBUSA vehicles. This proves fatal to each of the Plaintiffs' claims, as all claims are premised upon Plaintiffs' ability to prove a design defect. (*See* Class Cert.

---

[3] In *Caraballo*, this Court granted defendant's unopposed motion for summary judgment as to a products liability case where plaintiff failed to present either expert testimony or any circumstantial evidence supporting the existence of a defect. *Id.* at *3. Plaintiffs' reliance on this Court's recitation in *Caraballo* of the general principle that a plaintiff in a product liability case may rely upon expert testimony or circumstantial evidence is unavailing.

9

Op. at 35; October 26, 2015 Oral Argument Transcript at 35:19-20 (Plaintiffs' counsel conceding that "it's essentially the same to try the liability or the issue [of the existence of a design defect]")).

For example, Plaintiffs allege that Defendant breached express warranties (Counts I and II) by having "failed and continu[ing] to fail to replace and/or repair the Rims that *proved defective*" and by "[s]elling and leasing Vehicles *with Rims that were defective* . . . ." (SAC ¶¶ 171, 179) (emphasis added). Plaintiffs' claims for violation of the NJCFA (Count III) are grounded in their allegations that Defendant was aware of the existence of the design defect and failed to disclose same. (Pls.' Opp. Br. at 19). Thus, these claims are contingent upon a jury's determination that a design defect caused Plaintiffs' Wheels to crack. *See Marcus v. BMW of North America, LLC*, 687 F.3d 583, 604-06 (3d Cir. 2012) (explaining that causation is an element of both express warranty and NJCFA claims). Finally, Plaintiffs' claim for breach of the implied warranty of merchantability (Count IV) is premised upon their allegation that "[t]he frequent failure of the Rims *made the Rims defective* and, thus, unfit for the[ir] ordinary purpose." (SAC ¶ 196) (emphasis added). Thus, Plaintiffs' allegations of breach of express and implied warranties, breach of the Magnuson-Moss Warranty Act, and violation of the NJCFA cannot prevail given Plaintiffs' failure to offer expert testimony substantiating the existence of a design defect. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

### B. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs seek partial summary judgment in their favor with respect to specific issues bearing on their express warranty claims. (Pls.' Mov. Br. at 1). However, Plaintiffs explain that they are not seeking full judgment with respect to Count I of the SAC because "they recognize that there are factual issues regarding whether the Wheels were defectively designed, which must be resolved at trial in order to adjudicate whether the warranty was breached." (Pls.' Mov. Br. at 9).

As discussed above, Plaintiffs have not offered sufficient evidence to support the existence of a design defect. Accordingly, Plaintiffs are unable to prove their claim of breach of the express warranty, and Plaintiffs' Motion for Partial Summary Judgment is therefore denied.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment is hereby GRANTED, and Plaintiffs' Corrected Sixth Amended Complaint is hereby DISMISSED. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: August __10__, 2016

JOSE L. LINARES, U.S.D.J.